State v. Whitesell.

142  467
146  128

THE STATE v. WHITESELL, *Appellant.*

Division Two, February 1, 1898.

1. **Rape** : CHILD UNDER CONSENT AGE: PRIOR SEXUAL INTERCOURSE.  In
the prosecution of an accused person for rape upon a girl under the
age of consent, it is not competent to ask her if she had sexual inter-
course with other men prior to her carnal knowledge of the defendant;
nor is such evidence competent as bearing against the corroboration
which the birth of a child tended to give to the charge that defendant
had had illicit intercourse with the prosecutrix, even though the child
was in the court room at the trial, if the question asked was in ref-
erence to acts of intercourse occurring before defendant had ever
had intercourse with her.   (Distinguishing from the New York case
of *People v. Flaherty,* 79 Hun. 48.)

2. **Practice** : ATTEMPT TO EXTORT MONEY: EXCLUSION OF EVIDENCE.
If no question as to the exclusion of evidence was made in the motion
for a new trial, the appellate court will not consider a complaint
(made for the first time here) that defendant was not permitted to
show that the motive of the prosecutrix in the prosecution for rape
was to extort money from him.

3. ———: ERROR IN INSTRUCTIONS: NOT POINTED OUT IN MOTION FOR NEW TRIAL. If the attention of the trial court is not called to an erroneous instruction in the motion for a new trial, defendant will be deemed to have waived it.

*Appeal from Greene County Criminal Court.*—HON. C. B. McAFEE, Judge.

AFFIRMED.

*Perry T. Allen* and *A. P. Tatlow* for appellant.

(1) Appellant should be allowed to prove sexual intercourse prior to time alleged offense to rebut corroborative fact of prosecutrix having a child and of the inference to be drawn against appellant. *People v. Flaherty*, 29 N. Y. 641; *People v. Duncan*, 62 N. W. Rep. (Mich.) 557; *Sherwin v. People*, 69 Ill. 55. (2) It is always admissible to prove motive of prosecutrix, whether to shield a lover, extort money, or any motive why crime should be laid at defendant's door. *Curby v. Territory of Arizona*, 42 Pac. Rep. 953; *People v. Knight*, 43 Pac. Rep. (Cal.) 6. (3) Instruction number 1 declares that prosecutrix is a female child under the age of fourteen years, and it is not left for jury to determine this fact. Subsequent instructions do not correct the error.

*Edward C. Crow*, Attorney-General, and *Sam B. Jeffries*, Assistant Attorney-General, for the State.

(1) Carnal knowledge of a child under the age of consent is criminal under the statute, either with or without her consent; and the person having such carnal knowledge must know at his peril whether her age is such as to make the act one prohibited by law. McClain, Crim. Law, sec. 451; *State v. Houx*, 109 Mo. 654; *State v. Baskett*, 111 Mo. 271. (2) The fact that the prosecutrix was the mother of a child is admis-

sible in corroboration of her testimony as to having the sexual intercourse. (3) In his motion for a new trial defendant insisted that error was committed in "not allowing and compelling the prosecuting witness, Sallie Downey, to answer questions put to her by defendant's counsel as to whether she had sexual intercourse with persons other than the defendant, and with a specific person named in said question." In this ruling no error was invoked. *People v. Johnson*, 106 Cal. 289; *People v. Abbott*, 97 Mich. 484; *People v. Glover*, 71 Mich. 303. (4) Upon all questions raised by defendant against the actions of the trial judge we find no reversible or prejudicial error. On the other hand, the defendant is shown to have had a fair and impartial trial. The evidence is abundant for conviction. *State v. Glahn*, 97 Mo. 679; *State v. Congat*, 121 Mo. 458; *State v. Duffy*, 128 Mo. 549.

BURGESS, J.—At the March term, 1897, of the criminal court of Greene county, defendant was convicted of rape on the person of Sallie Downey, a female child under the age of fourteen years, and his punishment fixed at five years' imprisonment in the penitentiary. From the judgment and sentence he appeals.

At the time of the alleged offense defendant conducted a feed, coal and wood store in Springfield, Missouri. He was an unmarried man, and forty-seven years of age. In June, 1896, he employed Sallie Downey, who was then thirteen years of age, as bookkeeper, and to assist him in and about his business. During the latter part of that month or the early part of July following he had sexual intercourse with her at his store. This act was repeated from two to three times a week until the eighth of October, following, when she left his employment. She testified that

she had never before had sexual intercourse. On the twenty-fourth day of April, 1897, she was delivered of a child which she stated was the result of her connection with the defendant.

Defendant denied having sexual intercourse with the girl, and introduced evidence tending to show that her reputation for chastity and veracity subsequent to the time of the alleged offense was bad. It was shown that while defendant denied the intercourse and the paternity of the child, that after it was born he offered to marry the girl and to take care of the child, and that she rejected his offer. The child was in the court room at the time of the trial.

The statute under which the conviction was had reads as follows. "Every person who shall be convicted of rape, . . . . . . . by carnally and unlawfully knowing any female child under the age of fourteen years . . . . . . . shall suffer death, or be punished by imprisonment in the penitentiary not less than five years, in the discretion of the jury." R. S. 1889, sec. 3480.

On the cross-examination of Sallie Downey, who testified as a witness on the part of the State, she was asked by defendant if she had not prior to the time she went to work for defendant had sexual intercourse with one Jacob Ott? To this question the State objected. The objection was sustained, to which ruling of the court defendant duly excepted, and assigns the same for error. The contention is that the evidence was admissible as bearing, so far as it might, against the corroboration which the evidence of the birth of the child tended to give to the charge of intercourse by the defendant with the prosecutrix.

The same question was before the Supreme Court of New York in *People v. Flaherty*, 79 Hun. 48, and while it was ruled that the fact of pregancy and child

birth, and that the prosecutrix had committed the act of sexual intercourse with others, was unimportant and would be no defense for the defendant if he also had sexual intercourse with her while she was under the age of sixteen years; it was also held that when it was proven by the prosecuting witness that she had given birth to a child in March, 1893, which was the result of sexual intercourse by her with defendant in the month of June, 1892, it was permissible for defendant to prove that she had sexual intercourse with others about the same time that she did with him, as bearing so far as it might against the charge of such intercourse which her pregnancy and the birth of the child tended to impute to him. But that case is clearly distinguishable from the one at hand, in that it was proposed to show in that case that the prosecutrix had sexual intercourse with others about the time she did with defendant, while in this case the question propounded to the prosecutrix was with respect to an act of intercourse before defendant ever had connection with her. Moreover, it seems illogical to say that certain facts are of no importance, and at the same time hold that the evidence is permissible as bearing so far as it might against the charge of such intercourse which the birth of the child tended to impute to defendant.

*Sherwin v. The People,* 69 Ill. 55, is relied upon as sustaining defendant's contention, but it does not appear from that case whether or not the female raped was at the time under the age of consent, which at that time by the laws of that State was the age of ten years. Statutes of Illinois 1873, p. 435, sec. 237.

In the case of *People v. Duncan,* 62 N. W. Rep. 557, the female, upon whom the rape was committed, was under the age of consent, which was fourteen years. (Public Acts of Michigan 1887, p. 129.) She testified that she never had intercourse before the

alleged offense, that it did not hurt her, that no blood flowed, and that she was not sore the next day. It was held that it was error to refuse to allow the defendant to show that the natural result of intercourse with one of prosecutrix's age would be pain followed by blood and soreness. But even if the law be as announced in that case, which we are unable to concede, no foundation was laid in this case for the introduction of such evidence, nor was such evidence offered.

The rule as announced in a recent work on criminal law is as follows: "As evidence of unchastity on the part of prosecutrix goes to the question of consent, it is immaterial in a prosecution for having carnal knowledge of a girl under the age of consent, for in such a case want of consent to the act is not essential." 1 McClain on Crim. Law, sec. 460. In the case of *People v. Johnson*, 106 Cal. 289, the court said: "While, as a general rule, both the general reputation of a prosecutrix for unchastity and particular acts of unchastity may be proven in a criminal action, involving an intent to commit rape, yet where the prosecuting witness is under the age of consent, no evidence either of general reputation or specific acts of unchastity is admissible, either as going to the question of consent, or as to the credibility of her testimony in its entirety."

In the case of *People v. Abbott*, 97 Mich. 484, the court said: "Respondent was convicted of the crime of rape upon one Annie Punderson, a girl ten years of age, in the Superior Court of Grand Rapids. Several errors are assigned. *First*, that the court erred in excluding the testimony of the girl, Annie Punderson, as to her having had carnal intercourse with other men prior to the time of the alleged offense. The statute provides: 'If any person shall ravish and carnally know any female of the age of fourteen years or more, by force and against her will, or shall unlaw-

fully and carnally know and abuse any female child under the age of fourteen years, he shall be punished by imprisonment in the state prison for life or for any term of years; and such carnal knowledge shall be deemed complete upon proof of penetration only.' In *People v. Glover*, 71 Mich. 303, the case was brought under this statute, and error was alleged upon the refusal of the court to allow the respondent to show that the reputation of the girl for chastity was bad.    It was held that, the statute having fixed the age of consent at fourteen years, it would be no answer to the charge that she had a bad reputation for chastity. The ruling of the court in the present case excluded the inquiry as to whether she had had sexual intercourse with other men prior to that time, and was correct for the reasons given in *People v. Glover, supra.* The offense is in unlawfully and carnally knowing a female child under the age of fourteen years, and it is no less an offense, within the terms of the statute, if the child has had intercourse with other men prior to that time.    The court was not in error in excluding the evidence. . . . . If the girl had been of the age of consent, it might be competent to admit evidence of her general reputation for chasity, as bearing upon the probability of her story, but specific acts of unchastity could not be inquired into.    *People v. McLean*, 71 Mich. 309.    But here the law conclusively presumes that the girl could not give her consent, and every act of intercourse with her would be a crime committed against her, and such acts could not, therefore, affect her credibility.    Her reputation for truth and veracity could be inquired into in the same way as could that of an adult, but she could not be impeached by her acts of intercourse."

Our conclusion is that no error was committed in the ruling of the court in this regard.

Complaint is made that defendant was not permitted to show that the motive of the prosecutrix in this prosecution was to extort money from the defendant, but it is sufficient to say in regard to this contention that no question as to the exclusion of evidence was made in the motion for a new trial, and that it can not be raised for the first time in this court. Under such circumstances the question will be held to have been waived.

Another contention is that the court committed error in giving the first instruction on behalf of the State, but no such question was raised in the motion for a new trial. The only point raised in the motion for a new trial with respect to the instructions was as to the third, fourth, fifth, sixth and tenth, given for the State. As the attention of the court was not called to the error complained of in the motion for a new trial, defendant will be considered as having waived the same.

Defendant seems to have had a fair and impartial trial, and the verdict was warranted by the evidence. The result is that the judgment must be affirmed, and it is so ordered.

GANTT, P. J., and SHERWOOD, J., concur.