## COMPETENCY OF ADMISSIONS AS TO PHYSICAL CONDITION.

Circuit Court of Cuyahoga County.

HIRAM D. JONES v. STATE OF OHIO.

Decided, March 28, 1905.

*Criminal Evidence—Admissions of Accused when Voluntary, are Admissible.*

Where in the course of an examination being made by physicians, appointed by a court for that purpose, the accused makes admissions as to his physical condition, such admissions are admissible in evidence, even though the court had no right to order such examination and the physicians had not right to make it and the accused did not know that he was not obliged to submit to such examination.

*Hart, Canfield & Croke,* for plaintiff in error.
*H. R. Keeler,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

This is a proceeding in error. Jones was tried in the court of common pleas for a felony and convicted; the only error for which it is claimed the judgment should be reversed was, that

over the objection of the plaintiff in error evidence was admitted which was incompetent and was prejudicial to him.

It is shown by the record that while Jones was in prison await-ing a preliminary examination before the police court of the city of Cleveland, the judge of said court called two physicians, Dr. W. M. Jones and Dr. Maurice Budwig, to his court room and directed or requested them to make a physical examination of the accused to ascertain whether he was afflicted with a con-tagious disease. From the testimony of one of the physicians, Dr. Budwig, it appears that the prisoner was present in the court room when this direction was given to the physicians and the prisoner went to prison with the two physicians. Dr. Jones says nothing about having seen him in the court room, but says that he told him that he and Dr. Budwig were to examine him by order of the court. The physicians then proceeded to make the examination, having the prisoner remove his clothing.

At the trial in the court of common pleas, both of these physi-cians were called by the state as witnesses. Each was asked as to the result of the examination, but their testimony on this point was rejected by the court. Each was also asked as to what, if anything, the prisoner said as to his condition of health, and each gave a conversation then held by them with the prisoner, in which things are stated to have been said by the prisoner which though in no wise constituting any confession of guilt on his part, yet constitute the admission of certain facts which tend to show his connection with the crime charged against him. This testimony was admitted over the objection of the defendant, and exception to its admission was duly taken.

If these admissions were voluntarily made by the prisoner, there can be no question as to the admissibility of the testi-mony. If they were made under such circumstances as to show compulsion, or the promise of clemency for making them, or the threat of punishment for not making them, such promise being given, or such threat being made by one having authority to make such threat, or by one having such apparent authority, and whom the accused believed had the authority, they ought not to be received.

It is provided by Section 10 of Article 1 of our State Constitution that no person shall "be compelled in any criminal case to be a witness against himself." And this has been held to protect a prisoner from any forcible examination of his person for the purpose of securing evidence against him. It has also been uniformly held, as hereinbefore stated, that confessions of guilt. made under threats or promises of those in authority, can not be used against one on trial for crime, and though the text books and cases call attention to the difference between the confessions of guilt and admission of independent facts tending to show guilt, the rule as to their admission as evidence seems to be the same, except that in some, if not all, of those jurisdictions where it is required of the state to show affirmatively that confessions were voluntarily made, before they can be admitted in evidence, this affirmative evidence is not required as to such admissions.

However, in Ohio, the rule is that whatever one confesses or admits as to his connection with a criminal act, is presumed to have been voluntarily made and will be admitted in evidence against him, unless it be shown on his part that the same was involuntary.

The only ground on which the admissions in this case can be claimed to have been involuntary is, that they were made to physicians who were directed or requested by the judge of the police court to make an examination of his person, and which order the prisoner probably supposed the judge had the right to make, whereby the physician had some authority over him, and that they were made at the time of and in connection with such examination. Of course the judge had no right to make the order and ought not to have made it. The physicians had no more right, after receiving the order or direction of the judge, to make any examination of this prisoner than they had to make such examination of any other citizen, but it does not follow that what was said by the prisoner was not voluntarily said. No one said to him that he must answer questions; it would appear from the evidence that he did not hesitate about answering, and it is altogether probable that it did not occur to him that he was making any admission of any incriminating nature.

Under what circumstances the confessions of one accused of crime will be held to be voluntary has been considered in *Fouts* v. *State,* 8 O. S., 98; *Leuth* v. *State,* 5 C. C., 94; *Spears* v. *State,* 2 O. S., 583, and in other cases.

We have examined also many other authorities, including *People* v. *Glover,* 71 Mich., 303, and *State* v. ——, 71 Iowa, 11.

Judgment affirmed.

------

### DEFENSE OF DISMISSAL OF REPLEVIN SUIT AS A RESULT OF SETTLEMENT.