# SACKS *v.* UNITED STATES.*

CRIMINAL LAW; RAPE; EVIDENCE; IMPEACHMENT OF WITNESS; PREJU-
DICIAL CROSS-EXAMINATION; MISCONDUCT OF COUNSEL.

1. Evidence of the unchaste conduct and character of the prosecuting wit-
ness in a trial for rape is not admissible for the purpose of affect-
ing her credibility, where she is under the age of consent.

2. A corroborating witness for the prosecution in a trial for rape cannot
be impeached by evidence as to her unchastity or prostitution.

3. One on trial for the rape of a minor is not prejudiced by the pros-
ecuting attorney's asking of a witness who had testified as to
the good reputation of the accused, whether he had ever heard that
the accused had been convicted of furnishing liquor to minors,
where the question was answered in the negative, and the court
promptly instructed the jury that questions were not evidence.

4. A prosecuting attorney's reference in his closing statement to matters
not in evidence, though improper, will not be held prejudicial, where,
on objection by the accused, the prosecuting attorney corrected his
statement, and the court instructed the jury to disregard the re-
marks because not within the evidence.

No. 2575.    Submitted October 9, 1913.    Decided November 3, 1913.

HEARING on an appeal by the defendant from a judgment of
the Supreme Court of the District of Columbia convicting him
of rape.                            *Affirmed.*

The facts are stated in the opinion.

*Mr. James A. O'Shea, Mr. Matthew E. O'Brien,* and *Mr.
John I. Sacks* for the appellant.

---

*Evidence.—For a note upon the question of evidence of specific in-
stances to prove character for chastity of victim of crime of rape, see,
note to State v. Roderick, 14 L.R.A.(N.S.) 723. Upon the question of
impeachment of witnesses, note to McQuiggan v. Ladd, 14 L.R.A.(N.S.)
697.

*Mr. Clarence R. Wilson,* United States District Attorney, and *Mr. S. McComas Hawken,* Assistant, for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

Appellant, William Sacks, was convicted in the supreme court of the District of Columbia of the crime of rape committed upon one Marie Merritt, of the age of twelve years.

It is assigned as error that the court refused to allow counsel for defendant to introduce evidence to establish the immoral and unchaste conduct and character of the prosecuting witness. This evidence was offered for the purpose of affecting her credibility. It was inadmissible. While it is a general rule that in cases of rape where the person assaulted is over the age of consent, both her general reputation for unchastity and particular acts of unchastity may be proven, not especially as affecting her credibility as a witness, but as tending to show her consent to the commission of the offense charged, the rule is different where the person against whom the offense is committed is legally incapable of consenting to her defilement. "As evidence of unchastity on the part of the prosecutrix goes to the question of consent, it is immaterial in a prosecution for having carnal knowledge of a girl under the age of consent." 1 McClain, Crim. Law, sec. 460. Under our statute, it is rape to carnally know a female child under the age of sixteen years, either with or without her consent. The statute having fixed the age of consent at sixteen years, it is no answer to the charge that she has a bad reputation for chastity. The mere act constitutes the crime, whether there was in fact consent or not. Her general reputation for truth and veracity may be tested only as in the case of other witnesses. As was said in *State* v. *Whitesell,* 142 Mo. 467, 44 S. W. 332: "But here the law conclusively presumes that the girl could not give her consent, and every act of intercourse with her would be a crime committed against her, and such acts could not therefore affect her credibility. Her reputation for truth and veracity could be

inquired into in the same way as could that of an adult, but she could not be impeached by her acts of intercourse."

The government used as a corroborating witness one Lydia Ritter, who testified that she was present when the offense was committed. On cross-examination, she was asked: "Have you been going around improperly and having intercourse for money?" The court properly sustained an objection to the question. The witness was fourteen years old, but appeared before the court as any other witness. Neither general reputation for unchastity nor particular acts could be used to impeach her evidence. She was subject only to the general rules of evidence relating to the method of impeachment, and the question was not directed to any rule with which we are familiar.

Defendant produced witnesses to establish his good reputation for morality and chastity. In the cross-examination of one of these witnesses, the district attorney asked the witness the following question: "Did you hear in 1910, April 8, 1910, that he was convicted of furnishing liquor to minors?" To which he answered, "No, I never heard of such a thing." Objection was made that the remark and suggestion of the district attorney were improper and prejudicial. The court promptly instructed the jury "that questions are not evidence." With this admonition of the court, there was no evidence that reached the jury of the commission of another crime. In fact, the answer of the witness would tend to convey to the jury that the object sought by the question had failed. While the question was improper, we are not convinced that the rights of defendant were prejudiced by it.

In the closing argument to the jury, the district attorney used the following language: "Again the defense fell down. They brought here witnesses to show the bad character of these girls for immorality." Counsel for defendant objected to the language on the ground "that the court excluded evidence as to the reputation of the girls for immorality." Whereupon the district attorney remarked: "I should have said for truth and veracity." The court then instructed the jury as follows:

"The jury will understand that they are not to regard any statements made by the district attorney unless there is evidence in the case, and I will say that there is no evidence in the case regarding the reputation of the girls for morality. I do not think any harm has been done. The motion is overruled and exception noted." While we think the remark was not made by the district attorney with the intention of prejudicing the rights of defendant, yet, whether intentional or unintentional, if permitted to stand, it would have tended to improperly influence the jury. We are of opinion, however, that the prompt action of the court in admonishing the jury to disregard it cured an otherwise prejudicial error. We must attribute to the jury at least an average degree of intelligence, and it would seem that whatever impression was conveyed to the jurymen by the remark was completely removed by the prompt statement of the court.

There are a number of other assignments in the record which fail to disclose reversible error. The judgment is affirmed.

*Affirmed.*

Petition for rehearing denied December 1, 1913.