## LINDSAY v. LIPSON.

1. WITNESSES—PHYSICIANS AND SURGEONS—PRIVILEGED COMMUNICA-
TIONS—EXAMINATION OF PLAINTIFF FOR ATTORNEY.

    The language of the statute setting forth the privilege from dis-
    closure attending the relation of physician and patient may not
    be extended beyond its plain terms, hence, that statutory privi-
    lege is not applicable to the relation between physician who
    did not attend plaintiff for the purpose of treating her or for
    the purpose of contemplated surgery, but to obtain informa-
    tion for the benefit of the attorney at whose request the exam-
    ination was made (CL 1948, § 617.62).

2. SAME—ATTORNEY AND CLIENT—PRIVILEGED COMMUNICATION.

    The common-law rule as to privileged communications between
    attorney and client is given somewhat liberal interpretation.

3. SAME—PRIVILEGED COMMUNICATIONS—ATTORNEY AND CLIENT.

    Information obtained by physician from plaintiff woman, injured
    at defendant's store when head of cabbage was tossed by an
    employee of defendant in the direction of another employee,
    upon an examination made at the request of her attorney to
    enable him to prepare pleadings properly and to try the cases
    she and her husband intended to institute, was a privileged
    communication not subject to disclosure over plaintiffs' objec-
    tion since it was consistent with the privilege attending the
    relation of attorney and client.

---

* Continued from Volume 366.

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 4] 58 Am Jur, Witnesses § 418.
Physician-patient privilege as affected by contention that purpose
    was examination and not treatment. 107 ALR 1495.
[2, 4] 58 Am Jur, Witnesses § 464.

4. SAME—PRIVILEGED COMMUNICATIONS—ATTORNEY AND CLIENT.

> Information conveyed by a client to attorney, either directly, or through the client's or attorney's agent, including physicians who are requested to examine the client preparatory to trial and not for treatment or performance of surgery, is privileged from disclosure under the common-law rule as to privileged communications between attorney and client.

Appeal from Wayne; McCree, Jr. (Wade H.), J. Submitted April 12, 1962. (Docket Nos. 31, 32, Calendar Nos. 49,284, 49,285.) Decided July 2, 1962.

Case by Madelon Lindsay against Philip Lipson and Rose Lipson, doing business as Lipson Super Market, for personal injuries sustained while a store customer. Derivative suit by John Lindsay for medical expense. Cases consolidated for trial and on appeal. Verdict and judgments for plaintiffs. Defendants appeal. Affirmed.

*Theodore R. Robbins,* for plaintiffs.

*Alexander, Buchanan & Conklin (Perry J. Seavitt,* of counsel), for defendants.

CARR, C. J. On August 26, 1958, at about 7:30 in the evening the plaintiffs in these cases entered the store of the defendants at the intersection of James Couzens and Meyers road in the city of Detroit for the purpose of making purchases therein. While waiting to check out, an employee of defendants threw or tossed a head of cabbage weighing between 3 and 5 pounds in the direction of another employee. The precise purpose of such action is not material in the instant case. The cabbage struck Mrs. Lindsay on the head, knocking her to the floor and causing her to become unconscious for several minutes. It is the claim of the plaintiffs that the blow resulted in serious injuries. Mrs. Lindsay insti-

tuted an action at law to recover damages for pain and suffering and for loss of income during the time that she was incapacitated, as it is claimed, because of her injuries. Her husband also sued to recover for expenses incurred by him because of the injuries sustained by Mrs. Lindsay, and for loss of her services in the home. The cases were tried before a jury which returned a verdict of $10,500 in favor of Mrs. Lindsay and $4,500 in favor of the other plaintiff. Judgments were entered in accordance with the verdicts.

Prior to the institution of the actions for damages the attorney for the plaintiffs referred Mrs. Lindsay to Dr. John G. Slevin for the purpose of an examination and a report thereon. There was no instruction or request for treatment or for advice with reference thereto. The doctor was merely requested to make his examination, with a diagnosis from his findings, and submit a written report to counsel to assist the latter in preparing the pleadings in the contemplated litigation and, inferentially, in presenting the causes of action of his clients on the trials thereof.

The cases brought by Mr. and Mrs. Lindsay were consolidated for trial before a jury. Counsel for defendants subpoenaed Dr. Slevin as a witness in their behalf, claiming the right to examine him with reference to his findings, and presumably his report to counsel for plaintiffs. Objection was made on behalf of plaintiffs, it being asserted that the findings of the physician under the circumstances, and in view of the purpose of the examination, should be excluded as a privileged communication between physician and patient, or as such between attorney and client. The trial judge sustained the objection. Dr. Slevin was, however, permitted to testify as an expert witness and to answer certain hypothetical questions not connected in any way

with the examination that he had made of Mrs. Lindsay and the report to her counsel. Defendants have appealed from the judgments entered, asserting that the trial court was in error in holding that the results of the examination made by Dr. Slevin were privileged for either of the reasons urged in support of the objection by plaintiffs' counsel.

Counsel for appellants state the questions involved on this appeal as follows:

"1. Did the trial court err in ruling that the testimony of an examining physician as to his findings on examination of the plaintiff prior to the institution of these actions for the purpose of assisting plaintiffs' counsel in the preparation and evaluation of the case should be excluded as a privileged communication between physician and patient?

"2. Did the trial court err in ruling that the testimony of an examining physician as to his findings on examination of the plaintiff prior to the institution of these actions for the purpose of assisting plaintiffs' counsel in the preparation and evaluation of the case should be excluded as a privileged communication between attorney and client?"

The privilege attending the relation of physician and patient is set forth in CL 1948, § 617.62 (Stat Ann § 27.911), which reads as follows:

"No person duly authorized to practice medicine or surgery shall be allowed to disclose any information which he may have acquired in attending any patient in his professional character, and which information was necessary to enable him to prescribe for such patient as a physician, or to do any act for him as a surgeon: Provided, however, That in case such patient shall bring an action against any defendant to recover for any personal injuries, or for any malpractice, if such plaintiff shall produce any physician as a witness in his own behalf, who has treated him for such injury, or for any disease

or condition, with reference to which such malpractice is alleged, he shall be deemed to have waived the privilege hereinbefore provided for, as to any or all other physicians, who may have treated him for such injuries, disease or condition: Provided further, That after the decease of such patient, in a contest upon the question of admitting the will of such patient to probate, the heirs at law of such patient, whether proponents or contestants of his will, shall be deemed to be personal representatives of such deceased patient for the purpose of waiving the privilege hereinbefore created."

The language of the statute may not be extended beyond its plain terms. In the instant case the physician did not attend Mrs. Lindsay for the purpose of treating her or advising as to treatment. The information that he obtained was designed for the benefit of the attorney at whose request the examination was made. It obviously was not contemplated that Dr. Slevin should perform any act as a surgeon or that he should in any respect assume the role of a physician called to treat a patient or prescribe therefor. The conceded facts in the instant case indicate conclusively that the statutory privilege is not applicable.

This brings us to the query whether under the situation presented the common-law rule as to privileged communications between attorney and client applies here. This Court has in prior decisions been inclined for obvious reasons to give a somewhat liberal interpretation to said rule. *People* v. *Pratt,* 133 Mich 125 (67 LRA 923), and decisions there cited. Doubtless such interpretation is essential to a proper protection of the rights of the client. Had Mrs. Lindsay possessed the requisite training and skill to make an accurate appraisal of her physical condition and to draw reasonable conclusions therefrom as to probable future developments

any communication by her to her attorney of such appraisal and diagnosis would without question have been privileged and she could not have been examined as a witness with reference thereto. To accomplish the desired result the attorney representing her deemed it necessary to employ a medical expert to act for him and his client and to convey to him on behalf of his client the information that he needed in order to properly prepare his pleadings and to try the cases that the parties intended to institute. We think such procedure was within the scope of the privilege attending the relation of attorney and client. It does not appear that the question here involved has heretofore been passed on by this Court. *Watson* v. *Detroit Free Press,* 248 Mich 237, and *Eicholtz* v. *Grunewald,* 313 Mich 666, are distinguishable on the basis of the facts involved. We think the conclusion indicated is, however, consistent with the general purpose of the privilege attending the relation of attorney and client.

In the State of California the privilege arising from the relation of physician and patient is declared by statute, comparable in form and substance to the Michigan rule above quoted. The privilege attending the relation of attorney and client is likewise dependent on statutory provisions, but it appears that the rule as so declared is analogous to the common-law rule recognized in Michigan. In *City and County of San Francisco* v. *Superior Court of the City and County of San Francisco,* 37 Cal 2d 227 (231 P2d 26, 25 ALR2d 1418), consideration was given to both privileges. There, as in the case at bar, a physician made an examination of an injured person at the request of the latter's attorney in connection with the preparation of a contemplated action for damages. There, as here, the physician was not authorized to administer treatment, or pre-

scribe such, his examination being wholly limited to the obtaining of information for the attorney at whose request such examination was made. It was held that the statutory physician-patient privilege did not apply but that the attorney-client privilege precluded the examination of the physician, as a witness on the trial of the case, with reference to his findings and diagnosis made for the purposes indicated. An attempt to compel the physician to testify was denied. In commenting on the situation presented, it was said, in part (pp 236, 237):

"Had Hession [the client] himself described his condition to his attorneys there could be no doubt that the communication would be privileged and that neither the attorney nor Hession could be compelled to reveal it, even though a client is not listed in section 1881 (2) among those who cannot be examined. (Citing cases.) It is no less the client's communication to the attorney when it is given by the client to an agent for transmission to the attorney, and it is immaterial whether the agent is the agent of the attorney, the client, or both. 'The client's freedom of communication requires a liberty of employing other means than his own personal action. The privilege of confidence would be a vain one unless its exercise could be thus delegated. A communication, then, by *any form of agency* employed or set in motion by the client is within the privilege.

" 'This of course includes communications through an. *interpreter,* and also communications *through a messenger* or any other *agent of transmission,* as well as communications *originating with the client's agent* and made to the attorney. It follows, too, that the communications of the *attorney's agent* to the attorney are within the privilege, because the attorney's agent is also the client's subagent and is acting as such for the client.' (Citing cases.) Thus, when communication by a client to his attorney

regarding his physical or mental condition requires the assistance of a physician to interpret the client's condition to the attorney, the client may submit to an examination by the physician without fear that the latter will be compelled to reveal the information disclosed."

The above case was referred to by this Court in. *In re Dalton Estate,* 346 Mich 613, 621, the holding not being questioned. We are in accord with the reasoning of the California court and under the facts in the case at bar we conclude that the attorney-client privilege is applicable, and that the trial judge was correct in so holding.

Judgments affirmed, with costs to appellees.

DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS,. OTIS M. SMITH, and ADAMS, JJ., concurred.