OSBORN v FABATZ

Docket No. 51686. Submitted November 18, 1980, at Detroit.—Decided February 24, 1981.

LaDeanna Osborn brought a paternity action against Tom Fabatz. The plaintiff filed a pretrial motion to allow into evidence the results of a blood test of a third party which had been performed for a prior paternity suit which the plaintiff had brought against the third party. The Van Buren Circuit Court, William C. Buhl, J., granted the motion allowing the use of the test results. Defendant appeals by leave granted, alleging that the test results are irrelevant, that they constitute hearsay, that their use is precluded by statute, and that he has standing to assert the physician-patient privilege to prevent the introduction of the test results. *Held:*

1. The plaintiff has alleged that the defendant and the third party were the only two persons with whom she had intercourse at the time the pregnancy occurred. Therefore, evidence showing that the third party could not be the father is relevant to the determination of whether the defendant is the father.

2. The plaintiff intends to call as a witness the pathologist who performed the blood test. The test results would not, therefore, be hearsay evidence.

3. The intent of the statute controlling the use of blood tests is to prevent the use of blood tests to include a defendant within a class of potential fathers. In this case the test is to be used to exclude a potential father who is not a party to this case. The statute does not preclude admission of these test results.

4. The defendant has no standing to assert a physician-pa-

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence §§ 249, 251-256.

[2] 10 Am Jur 2d, Bastards § 32.
   29 Am Jur 2d, Evidence § 1104.
   Blood grouping tests. 46 ALR2d 1000.

[3] 81 Am Jur 2d, Witnesses §§ 241, 242, 250.
   Applicability in criminal proceedings of privilege as to communications between physician and patient. 7 ALR3d 1458.

[4] 81 Am Jur 2d, Witnesses §§ 263, 264.

tient privilege with regard to the third party's blood test results.

Affirmed.

1. EVIDENCE — RELEVANCY — RULES OF EVIDENCE.

All evidence which is relevant is admissible; relevant evidence is that having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence (MRE 401, 402).

2. CHILDREN BORN OUT OF WEDLOCK — PATERNITY SUITS — EVIDENCE — BLOOD TESTS — STATUTES.

Blood tests should be used in a paternity suit only to exclude a person from being the father; the statute controlling the use of such evidence does not preclude admission of the results of a blood test of a third person not a party to the suit, showing that the third person is not the father, where the plaintiff alleges that the defendant and the third person are the only persons with whom she had intercourse at the time the pregnancy occurred (MCL 722.716; MSA 25.496).

3. PHYSICIANS AND SURGEONS — PHYSICIAN-PATIENT PRIVILEGE.

A communication between a person and a physician which is for the purpose of a lawsuit, and not for treatment or advice as to treatment, is not protected by the physician-patient privilege.

4. PHYSICIANS AND SURGEONS — PHYSICIAN-PATIENT PRIVILEGE — WAIVER OF PRIVILEGE.

The physician-patient privilege belongs to the patient and can be waived only by him.

*Robert T. Hentchel,* Assistant Prosecuting Attorney, for plaintiff.

*Horace W. Adams,* for defendant.

Before: N. J. KAUFMAN, P.J., and R. B. BURNS and J. W. WARREN,* JJ.

PER CURIAM. Defendant appeals by leave granted from an April 18, 1980, order allowing

* Circuit judge, sitting on the Court of Appeals by assignment.

plaintiff to use the results of a blood test of an individual not a party to this action.[1]

This is a paternity suit. Plaintiff filed a complaint on May 3, 1978, alleging that defendant was the father of her child. Defendant filed an answer, and on April 26, 1979, made a demand for jury trial and a motion for blood tests of defendant and plaintiff. The trial court rendered an order on May 9, 1979, requiring that the parties have blood tests. Defendant made a second demand for a jury trial on March 3, 1980.

Plaintiff made a motion on April 7, 1980, to allow the admission of results of a blood test which had been performed for a prior paternity suit between plaintiff and John Wellman. Defendant filed an answer on April 12, 1980, requesting the trial court to deny the motion.

A hearing on the motion was held on April 14, 1980. The trial court issued an order on April 18, 1980, allowing the use of this blood test.

Defendant filed an application for leave to appeal on April 23, 1980. Defendant's application for leave to appeal was granted on June 30, 1980.

On appeal, defendant raises four issues, which we shall address *seriatim*. Defendant's first contention is that the trial court erred in allowing Wellman's blood test results to be used because such test was irrelevant to defendant.

To begin our discussion of this issue, we must turn our attention to the Michigan Rules of Evidence. All evidence which is relevant is admissible. MRE 402. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the

---

[1] The blood test results of John Wellman, a party to a previous paternity action brought by plaintiff, are the only test results the admissibility of which are in issue in this opinion.

action more probable or less probable than it would be without the evidence". MRE 401.

If plaintiff testifies that she had intercourse with only two persons at the time this pregnancy was to have occurred,[2] and defendant testifies that the child is not his, then the evidence would be relevant to prove the fact that the other person could not possibly be the father. If plaintiff's testimony is believed, the blood test would then make it more likely that defendant is the father than if the test results had been excluded. It is, therefore, our conclusion that the blood test is relevant evidence.

Defendant's second issue on appeal is that the blood test results cannot be used because they are hearsay. Defendant's contention in this regard is without merit. MRE 702 allows the court to admit the testimony of an expert witness. Plaintiff has filed notice of intent to call the pathologist who evaluated Wellman's blood test results. The pathologist will relate to the court his opinion and conclusion concerning the test. Since defense counsel will have every opportunity to cross-examine the pathologist on his method and findings, there is no problem with the hearsay rule.

Defendant next alleges that the trial court erred in allowing this blood test to be used because MCL 722.716; MSA 25.496 would preclude its admission. We find defendant's contention in this regard plausible, but incorrect.

MCL 722.716; MSA 25.496 provides in pertinent part:

"(a) In any proceeding under this act before trial, the court, upon application made by or on behalf of the alleged father, shall order that the mother, child and

---

[2] Plaintiff's answers to interrogatories submitted by defendant aver that defendant and Wellman were the only two persons with whom she had intercourse during the time period in question.

alleged father submit to 1 or more blood tests to determine whether or not the defendant can be excluded as the father of the child. * * *

"(b) Any test shall be made by an expert qualified as an examiner of blood types, who shall be appointed by the court.

*   *   *

"(d) The result of the tests shall be receivable in evidence in the trial of the case but only in cases where definite exclusion is established."

While the statute does not appear to expressly reach the instant case, it does state that the results "shall be receivable in evidence in the trial of the case". One could reasonably infer that the Legislature meant that the results would be admissible only in that case, or in that case only when exclusion is established.

The Michigan Supreme Court, in *People v Nichols,* 341 Mich 311, 330-332; 67 NW2d 230 (1954), held that the use of blood tests to establish paternity was reversible error. In the Court's opinion, blood tests should be used only to exclude a person from being the father.

This Court has also held that blood tests are the "best evidence" to exclude one from being the father. *Shepherd v Shepherd,* 81 Mich App 465, 470; 265 NW2d 374 (1978). Conversely, this Court has stated:

"We find that the foregoing case law and statute amply support the conclusion that blood type evidence, when used solely for the purpose of including a defendant in a class of possible defendants, has no probative value." *People v Sturdivant,* 91 Mich App 128, 134; 283 NW2d 669 (1979), *lv den* 407 Mich 933 (1979).

It would appear that the general intent of the statute is to prevent the use of blood tests to

include a defendant within a class of potential fathers. In the case at bar, the blood test is to be used to exclude another potential father who is not a party to this case. This does not appear to be within the reach or intent of the statute. It is our opinion that the statute does not exclude the use of Wellman's test results and that their admission is within the general purpose of the statute. The ruling of the trial court, that this blood test is admissible, was not error.

Defendant's final allegation is that the trial court erred in allowing this blood test to be used because defendant had standing to assert the physician-patient privilege. It is our opinion that defendant misunderstands both the nature of the privilege and his standing to assert it.

MCL 600.2157; MSA 27A.2157 sets forth the physician-patient privilege. In order to prevent the physician from disclosing information, he must have acquired it while "attending any patient in his professional character, and which information was necessary to enable him to prescribe for such patient as a physician, or to do any act for him as a surgeon * * *". *Id.* In *People v Glover,* 71 Mich 303, 307; 38 NW 874 (1888), the Court stated that the physician-patient privilege does not cover cases where no confidential relationship existed between the patient and the physician. In that case, the doctor who examined defendant did so only at plaintiff's request and with defendant's consent. The purpose of the examination was to test defendant for signs of gonorrhea. Since the physician was not to prescribe anything for defendant nor to act as a surgeon, no confidential relationship existed. Therefore, the Court found no physician-patient privilege to exist.

A communication between a person and a physi-

cian which is for the purpose of a lawsuit, and not for treatment or advice as to treatment, is not protected by the physician-patient privilege. *Lindsay v Lipson,* 367 Mich 1, 4-5; 116 NW2d 60 (1962).

It is our opinion that the blood test of Mr. Wellman was not for the purpose of treatment, for advice as to treatment, or for the physician to act as a surgeon. No physician-patient relationship arose; therefore, no physician-patient privilege existed.

However, even if we were to find the existence of a physician-patient privilege between Mr. Wellman and the pathologist, it would still be our conclusion that defendant has no standing to assert this privilege.

This privilege belongs to the patient, and can only be waived by him. *Beasley v Grand Trunk Western R Co,* 90 Mich App 576, 596; 282 NW2d 401 (1979). In *Storrs v Scougale,* 48 Mich 387, 395-396; 12 NW 502 (1882), the Court said that the trial court should not have allowed the use of information given by the patient to the physician. The physician cannot disclose information given to him by the patient without the patient's consent. *Briesenmeister v The Supreme Lodge Knights of Pythias of the World,* 81 Mich 525, 535-536; 45 NW 977 (1890).

"[The statute] prohibits the physician from disclosing, in the course of any action wherein his patient or patients are not involved and do not consent, even the names of such noninvolved patients." *Schechet v Kesten,* 372 Mich 346, 351; 126 NW2d 718 (1964).

In *Samson v Saginaw Professional Building, Inc,* 44 Mich App 658, 670; 205 NW2d 833 (1973), *aff'd* 393 Mich 393; 224 NW2d 843 (1975), the Court said that one codefendant could not exercise an-

other codefendant's physician-patient privilege because he does not have any standing to assert the right. Similarly, in *People v Sam Williams,* 39 Mich App 91, 92-93; 197 NW2d 336 (1972), the Court said that plaintiff could not assert the privilege on behalf of the patient. The privilege is personal and can only be waived by the patient.

If a physician-patient privilege exists, the pathologist does not have the power to waive the privilege for Mr. Wellman. On the other hand, neither does defendant have the standing to assert the right on behalf of Mr. Wellman. Thus, defendant cannot raise the issue of a physician-patient privilege of Mr. Wellman.

It is, therefore, the conclusion of this Court that the order allowing plaintiff to place into evidence the results of a blood test of an individual not a party to this action should be affirmed.

Affirmed.