## VanSICKLE v McHUGH

Docket No. 97846. Submitted January 19, 1988, at Detroit. Decided September 20, 1988.

Todd M. VanSickle brought an action in Wayne Circuit Court against Kathleen M. McHugh and others for injuries allegedly sustained by plaintiff when he was struck by an automobile operated by McHugh. Plaintiff sought a protective order prohibiting the deposing of an orthopedic surgeon who had examined him at the behest of his no-fault insurer for the purpose of plaintiff's no-fault claim, claiming physician-patient privilege. The trial court, Cynthia D. Stephens, J., denied the motion for a protective order, basing the decision on the fact that plaintiff had acceded without objection to a request by defendants for the medical report written by the surgeon. Defendants moved for summary disposition on the basis that plaintiff's injuries did not satisfy the no-fault threshold of a serious impairment of bodily function. The trial court granted the motion for summary disposition. Plaintiff appealed.

The Court of Appeals *held:*

1. The trial court properly denied the motion for the protective order. The physician-patient privilege extends only to information obtained by a physician for the purpose of rendering medical advice or care to the plaintiff. Since the surgeon in question did not examine plaintiff for the purpose of rendering medical advice or care to the plaintiff, but rather did it at the behest of plaintiff's no-fault insurer for the purpose of processing plaintiff's no-fault claim, the privilege is not applicable. Further, the privilege was waived by the release of the surgeon's written report.

2. Since the Supreme Court has substantially revised the standards for determining whether an injury constitutes a

REFERENCES

Am Jur 2d, Witnesses §§ 230 *et seq.*

Physician-patient privilege as extending to patient's medical or hospital records. 10 ALR4th 552.

Pretrial testimony or disclosure on discovery by party to personal injury action as to nature of injuries or treatment as waiver of physician-patient privilege. 25 ALR3d 1401.

serious impairment of a body function, the question of the motion for summary disposition is remanded to the trial court for reconsideration in light of the new standards.

Affirmed in part and remanded.

PHYSICIANS AND SURGEONS — PHYSICIAN-PATIENT PRIVILEGE — EVIDENCE.

The physician-patient privilege is applicable only where the medical examination or consultation by the physician is conducted for the purpose of rendering medical advice or care to the person asserting the privilege; the physician-patient privilege is not applicable where the medical examination or consultation is for a purpose other than rendering medical advice or care; accordingly, the physician-patient privilege is not applicable where the examination by the physician is at the behest of an insurance company and only for the purpose of ascertaining the validity of a claim for insurance benefits made by the patient, since under such circumstances the purpose of the examination was not for the purpose of rendering medical advice or care to the patient (MCL 600.2157; MSA 27A.2157).

*Miller, Weinberg, Necker, Johnson, Wagner & Clark* (by *James P. Ryan*), for plaintiff.

*Brandt, Hanlon, Becker, Lanctot, McCutcheon, Martin & Schoolmaster* (by *Richard J. Clark*), and *Gromek, Bendure & Thomas* (by *Nancy L. Bosh* and *Martha F. Mothershead*), for Kathleen McHugh.

Before: HOLBROOK, JR., P.J., and HOOD and N. J. KAUFMAN,* JJ.

PER CURIAM. In this action for personal injuries sustained in an automobile accident, the circuit court denied plaintiff's motion for a protective order to prevent the taking of a deposition requested by defendants. Subsequently, the court entered an order of summary disposition dismissing the case on the ground that plaintiff's injuries

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

did not satisfy the no-fault threshold of a serious impairment of body function. Plaintiff appeals as of right.

Relying on the physician-patient privilege, plaintiff sought a protective order in an effort to preclude defendants from conducting a deposition of E. Borofsky, M.D., an orthopedic surgeon who had examined plaintiff pursuant to the request of plaintiff's own no-fault insurance carrier. The apparent purpose of the carrier's request was to facilitate its evaluation of plaintiff's claim for benefits. Prior to defendants' attempt to depose Dr. Borofsky, defendants had requested a medical report written by Borofsky, and plaintiff acceded to the request without objection. In denying the motion for a protective order, the circuit court decided that the physician-patient privilege, even if applicable, was waived by plaintiff's act of relinquishing the medical report.

Although the court rules govern the procedure for asserting and waiving privileges, the substantive source of the physician-patient privilege is statutory. *Beasley v Grand Trunk W R Co,* 90 Mich App 576, 595-596; 282 NW2d 401 (1979). MCL 600.2157; MSA 27A.2157 provides in pertinent part:

> No person duly authorized to practice medicine or surgery shall be allowed to disclose any information which he may have acquired in attending any patient in his professional character, and which information was necessary to enable him to prescribe for such patient as a physician, or to do any act for him as a surgeon: Provided, however, That in case such patient shall bring an action against any defendant to recover for any personal injuries, or for any malpractice, if such plaintiff shall produce any physician as a witness in his own behalf, who has treated him for such injury, or for any disease or condition, with reference to

which such malpractice is alleged, he shall be deemed to have waived the privilege hereinbefore provided for, as to any or all other physicians, who may have treated him for such injuries, disease or condition.

In *Lindsay v Lipson,* 367 Mich 1; 116 NW2d 60 (1962), a plaintiff claiming personal injuries was referred by her attorney to a physician for an examination and diagnosis of the plaintiff's medical condition for the intended purpose of assisting the attorney in the anticipated litigation. Medical treatment by the physician was not contemplated. Although the court eventually held that the testimony of the physician sought by defendants was barred by the attorney-client privilege, it initially rejected application of the statutory physician-patient privilege:

> The language of the statute may not be extended beyond its plain terms. In the instant case the physician did not attend Mrs. Lindsay for the purpose of treating her or advising as to treatment. The information that he obtained was designed for the benefit of the attorney at whose request the examination was made. It obviously was not contemplated that Dr. Slevin should perform any act as a surgeon or that he should in any respect assume the role of a physician called to treat a patient or prescribe therefor. The conceded facts in the instant case indicate conclusively that the statutory privilege is not applicable. [*Id.,* p 5.]

In *People v Glover,* 71 Mich 303, 307; 38 NW 874 (1888), the criminal defendant was charged with the rape of a victim suffering from venereal disease. At his trial, the testimony of physicians who examined the defendant established that the defendant also had venereal disease. The Court rejected the defendant's claim of privilege:

The claim that the court erred in admitting the testimony of physicians who examined defendant, after his arrest, while in jail, as to his physical condition, has no force. It is not claimed that any confidential relations existed between the defendant and the physicians who examined him, or that such examination was made to enable the physicians to prescribe for him, or to do any act for him as surgeons, and the defendant was told, at the outset, by the physicians, that they came there at the instance of the prosecuting attorney, and he voluntarily submitted to their examination. Under the circumstances here stated, we think this testimony was competent, and the physicians were properly permitted to testify to the information derived from such examination. The privilege does not extend to cases where no confidential relations exist.

We read *Lindsay* and *Glover* to stand for the proposition that the physician-patient privilege is inapplicable when the medical examination or consultation is not conducted for the purpose of rendering medical advice or care to the person asserting the privilege, at least when that person lacks a reasonable expectation that the consultation is cloaked with a veil of confidentiality. See also *Osborn v Fabatz*, 105 Mich App 450, 455-456; 306 NW2d 319 (1981) ("A communication between a person and a physician which is for the purpose of a lawsuit, and not for treatment or advice as to treatment, is not protected by the physician-patient privilege"). In the instant case, because we find *Lindsay* and *Glover* to be dispositive, we conclude that plaintiff had no right to preclude Dr. Borofsky's testimony on the basis of the statutory physician-patient privilege. Dr. Borofsky's examination was conducted at the behest of plaintiff's no-fault carrier, a potential adversary in view of the possibility that plaintiff's claim for benefits

could have been disputed. It is apparent that the examination was not conducted by Dr. Borofsky in the role of a physician "attending any patient in his professional character," seeking to acquire information "necessary to enable him to prescribe for such patient as a physician," or doing "any act for him as a surgeon." MCL 600.2157; MSA 27A.2157. The circumstances surrounding the examination could not have induced plaintiff to repose confidence in Dr. Borofsky's treatment or to expect confidentiality from information exchanged in the course of the consultation.

We find further support for this conclusion from our review of the policy underlying this statute, that being "to enable persons to secure medical aid without betrayal of confidence," *Dierickx v Cottage Hospital Corp,* 152 Mich App 162, 167; 393 NW2d 564 (1986), lv den 426 Mich 868 (1986), and "to encourage free discussion between doctors and their patients," *Drouillard v Metropolitan Life Ins Co,* 107 Mich App 608, 617; 310 NW2d 15 (1981), lv den 413 Mich 874 (1982). Thus, the fact that the services rendered by the examining physician are solely diagnostic does not take the physician's testimony out of the scope of the privilege so long as the consultation was sought by the patient in confidence for the purposes of furthering the patient's health and physical well-being. See *Bassil v Ford Motor Co,* 278 Mich 173; 270 NW 258 (1936). In the case at bar, medical diagnosis or advice were not being sought, and the policy to encourage confidential communication is entirely inapposite.

In passing, we would note that the result would not differ even if Dr. Borofsky's deposition testimony could be viewed as privileged. In that case, the circuit court correctly ruled that the privilege was waived pursuant to MCR 2.314(B)(1). See

*Schuler v United States,* 113 FRD 518 (WD Mich, 1986).

Subsequent to the circuit court ruling that plaintiff's injuries did not satisfy the no-fault threshold, the Supreme Court issued its opinion in *DiFranco v Pickard,* 427 Mich 32; 398 NW2d 896 (1986), substantially revising the standards for determining whether an injury constitutes a serious impairment of body function within the meaning of MCL 500.3135(1); MSA 24.13135(1). Rather than review whether the decision to grant summary disposition was proper under this revised standard, we remand this case to the circuit court for reconsideration in light of *DiFranco.* See *Morse v Loomis,* 158 Mich App 519; 405 NW2d 404 (1987).

Affirmed in part and remanded for further proceedings consistent with this opinion.