29  453
50a 298

RIDDLES, Plaintiff in Error, v. AIKIN *et al.*, Defendants in Error.

1. Interest in the event of a suit will not disqualify a witness; he must, to be rendered incompetent, be a person for whose benefit the suit is prosecuted or defended.
2. An attorney at law is a competent witness in a cause in which he is engaged as attorney; he may testify as to privileged communications made to him by his client, if they are otherwise relevant, when called upon by his client so to do.
3. Where the variance between the allegation in the pleading and the proof is not material, and the adverse party could not have been misled thereby to his prejudice, the court should allow an amendment without costs.

*Error to Greene Probate and Common Pleas Court.*

This was a suit, as originally instituted, by Thomas Riddles against John H. Aikin to recover the sum of two hundred and fifty dollars, alleged to be due and owing to plaintiff. Plaintiff set forth in his petition that defendant was administrator of the estate of Nancy Aikin; that plaintiff purchased the distributive share of James P. Aikin in that estate; that defendant had notice of this transfer; that the defendant, the administrator, with intent to cheat and defraud plaintiff, paid said distributive share to said James P. Aikin. The other distributees of the estate were afterwards made parties to the suit. At the trial the plaintiff introduced William C. Price as a witness, who testified that he, in March, 1851, as plaintiff's attorney, gave defendant notice in the presence of plaintiff of the transfer to plaintiff of the distributive share of James P. Aikin. It also appeared that on March 3, 1852, said John H. Aikin procured an allowance to himself as administrator of a credit for two hundred and fifty dollars paid to James P. Aikin as the latter's distributive share. The court, by an instruction, excluded from the consideration of the jury the evidence of William C. Price as to the notice of transfer. It also refused to allow an amendment as set forth below in the opinion of the court.

The plaintiff took a nonsuit, with leave, &c.

*Parsons*, for plaintiff in error.

I. The court erred in refusing to allow the evidence of William C. Price to go to the consideration of the jury ; also in refusing the amendment sought. The instructions given were erroneous.

Ewing, Judge, delivered the opinion of the court.

The ground upon which the evidence of William C. Price was excluded from the consideration of the jury does not appear from any thing in the record or bill of exceptions. He is no party to the action, nor does he appear to be a person for whose immediate benefit the action is prosecuted. If he is neither the one nor the other, although he may have an interest in the event of the action, he is not on that account an incompetent witness. Such interest would not disqualify, but only go to his credibility. But it does not even appear that he had any interest whatever. It is true he was an attorney, but it is not shown that he had any interest in the suit beyond what ordinarily arises from that relation. But be that as it may, the interest, if any he had, so far as we can see, was not such as to render him incompetent. That the testimony related to privileged communications—such as were made to the witness as an attorney—does not disqualify him, because the witness was introduced and examined by the client himself, (who was the plaintiff below,) and the seal which the law fixes upon such communications being thus removed by the client himself, the attorney became a competent witness. (R. C. 1855, p. 1578, tit. Witnesses.) The court erred, therefore, in excluding the testimony of W. C. Price from the jury.

We think the court erred also in refusing the amendment to the petition without the payment of costs. The amendment proposed was the *date* of the settlement of the defendant as administrator in the probate court. The allegation of the petition as to this matter is, that the defendant afterwards, to-wit, on the ———— day of ————, 185—, at a term of the court of probate aforesaid not his regular term, procured himself, as such administrator, to be credited with said re-

ceipt for said sum of two hundred and fifty dollars. On the trial, the bill of exceptions states that it was proved, among other things, by the record of settlement, that defendant got on settlement on the 3d of March, 1852, in the court of probate, a credit of two hundred and fifty dollars as the distributive interest of the said James P. Aikin of said estate. After this evidence had been given on the trial, the plaintiff asked leave to amend the petition by inserting the date of the settlement, which was refused by the court except on condition that the plaintiff should pay the costs of the term. Our practice act enacts that no variance between the allegation in the pleading and the proof shall be deemed material, unless it has actually misled the adverse party to his prejudice in maintaining his action or defence upon the merits; (R. C. 1855, p. 1253;) and that, when the variance between the allegation in the pleading and the proof is not material, the court may direct the facts to be found according to the evidence, or may order an immediate amendment without costs. (Ib.)

The amendment proposed related to a fact of which the defendant, of course, had knowledge. As administrator, he knew when he made his settlements with the court; the fact of the settlement itself was averred in the petition; and the defendant was apprised by the petition that the plaintiff would claim interest, on the amount for which it is alleged he obtained credit, from the date of such settlement. Being thus fully advised of the ground of the plaintiff's claim and the time from which interest would be claimed, the defendant must be presumed to have come prepared to contest it; and he could not therefore have been misled or surprised had the amendment asked been permitted. His defence upon the merits could not have been prejudiced or affected by such an amendment; and we think the discretion of the court below was improperly exercised in refusing it except upon the terms sought to be imposed.

The judgment will be reversed and the cause remanded; the other judges concurring.