ANN PASSMORE v. ESTATE OF JOHN B. PASSMORE.

*Attorney and client—Privileged communications—Conversations—Claim against a husband's estate.*

The rule which excludes evidence as to communications between client and counsel establishes a privilege which belongs to the client and which he may waive ; it does not prevent him from testifying to the counsel's advice, or the counsel's corroborating his testimony.

A woman basing a claim against her husband's estate upon a note given by him can show, as bearing upon the fact that she held it before her husband's death, that she had tried to sell it during his life-time.

A witness who has been allowed to testify as to part of a conversation between himself and a party to the case, should generally be allowed, on re-examination, to give the whole conversation as to the matter in evidence.

Error to Genesee. (Joslin, J.) April 25.—June 13.

Appeal from probate order disallowing claim against estate. Claimant brings error. Reversed.

*Wm. H. Sweet* and *Wm. A. Clark* for appellant.

*Howard & Thayer* for defendant.

COOLEY, J. The claimant in the year 1882 presented for allowance against the estate of her late husband a note given by him to his son Lewis Passmore, September 5, 1870, for the sum of four hundred dollars. The evidence tended to show that the maker once paid and took up the note, and afterwards delivered it to his wife upon the temporary loan of the sum specified in it. The claim was contested as baseless, and the questions of fact to which attention was mainly directed on the trial were, whether the claimant had rightfully come in possession of the note, and whether an endorsement of twenty dollars which she had made thereon as of September 23, 1876, represented an actual payment. Unless this payment was made, remedy upon the note was barred by the statute.

The plaintiff gave positive evidence in support of her claim, and this was met by proof of many circumstances which cast suspicion upon it. Among other things it was shown that she brought suit for divorce, and in applications made by her for alimony, the last of which was made in 1880, she stated that she had no means whatever to provide for her support, and that since April 17, 1872, when she and her husband separated, she had received no support or aid from him except the sum of ten dollars. This was supposed to be inconsistent with her claim that twenty dollars was paid to her in 1876. To meet this suggestion it was sought to show by the claimant that when the petition for alimony was drawn the twenty dollars was not mentioned because her counsel told her it need not be, inasmuch as it was not paid to her for support but upon a debt. The judge met this proposition by the statement, " She can't explain what advice she got from her counsel to justify her conduct. I wouldn't receive it from the attorney, because I would not allow him to swear she told him anything in this matter. I shall have to exclude this testimony." The judge was laboring under some error. It is every day's practice to permit a party to justify his conduct by testifying that what he did was by advice of counsel. And the counsel himself is allowed to testify for this purpose to the advice he gave. There is a privilege of secrecy as to what passes between attorney and client, but it is the privilege of the client and he may waive it if he so chooses. *Chase's case* 1 Bland Ch. 206; *Parker v. Carter* 4 Munf. 273; *Foster v. Hall* 12 Pick. 89; *Benjamin v. Coventry* 19 Wend. 353; *Whiting v. Barney* 30 N. Y. 330; *Riddles v. Aikin* 29 Mo. 453; *Fossler v. Schriber* 38 Ill. 172; *Stanton v. Hart* 27 Mich. 539; *Duttenhofer v. State* 34 Ohio St. 91; *Rowland v. Plummer* 50 Ala. 182. It is not the privilege of the court or of any third party.

The evidence having raised serious doubts if the claimant was in possession of the note as a demand owing to her before her husband's death, she was asked, when on the stand as a witness, whether she made efforts to sell it while

he was living.  The question was objected to, and ruled out.
The fact would have been important if she could have
established it, and especially if she could show that the
offers were public and repeated.  We think she should have
been permitted to show it.  It tended to establish one of
the most important points in controversy : namely, whether
the claimant was then asserting the rights of a creditor
against her husband.  The defence, relying upon circum-
stances, disputed this ; and there could be no more conclu-
sive method of meeting their evidence than by proof that
the claim was actually made.

One Niles, a witness for the claimant, was asked on
cross-examination what the claimant said to him in a
certain conversation about being embarrassed and about
owing debts, and replied that she said she was embarrassed ;
that she was owing debts ; that she had not the means to
build ; and that there was a small mortgage on her place.
On re-examination the witness was asked to give all the
conversation he had with the claimant about her embarrass-
ment.  This was objected to, and ruled out.  We think the
evidence should have been received.  It is unjust to put in
evidence part of a conversation and exclude the remainder,
and the general rules of evidence do not admit of it.    It is
suggested that the proposed evidence had no importance ;
but this is a case which is likely to turn on a great variety of
circumstances seemingly unimportant when separately con-
sidered, and so far as they are legally admissible they ought
all to be put before the jury.

There are other errors assigned which have no force.

The case must go back for a new trial, and the claimant
recover the costs of this Court.

GRAVES, C. J. and CAMPBELL, J. concurred.