LEVERICH *v.* LEVERICH.

1. DIVORCE — PROPERTY SETTLEMENT — ADVICE OF ATTORNEY — EVIDENCE.
   It was proper for an attorney to testify as to advice he had given defendant wife as to property matters in a suit for divorce after she had testified in relation to such matter that she had received improper advice from her attorney.

2. SAME—SETTLED ON OWN MERITS.
   Each divorce case must be settled on its own merits.

REFERENCES FOR POINTS IN HEADNOTES
[3]  17 Am Jur, Divorce and Separation § 502.
[4, 5]  17 Am Jur, Divorce and Separation § 594.
[6]  17 Am Jur, Divorce and Separation § 603.

3. SAME—HUSBAND'S DUTY TO SUPPORT.
    A husband who has rendered a divorce necessary by his ill conduct is not thereby to be relieved of his duty to support his wife.

4. SAME—PROPERTY ACCUMULATED THROUGH JOINT EFFORTS.
    The part of the property accumulated through the joint efforts of the parties during their marriage, is to be given first consideration in determining the award of property to the wife in a suit for divorce.

5. SAME—PROPERTY SETTLEMENT.
    Property settlement whereby wife consented to award to her of property worth $10,000 besides an automobile and personal articles and possessions is not disturbed, where it was consented to in open court, she had listed husband's property as worth $100,000 and acted upon proper advice of a reputable attorney.

6. SAME—MISCONDUCT AFTER INTERLOCUTORY DECREE.
    It was not error for trial court to disregard testimony as to husband's immoral acts after the filing of the interlocutory decree, introduced for avowed purpose of obtaining an award to her of additional property interests to those awarded to her by the interlocutory decree of divorce, since there was no proper occasion to prove further misconduct on his part; the decree having determined the case in her favor as to grounds for, and award of, divorce.

Appeal from Newaygo; Pugsley (Earl C.), J. Submitted April 21, 1954. (Docket No. 37, Calendar No. 46,104.) Decided June 7, 1954. Rehearing denied July 2, 1954.

Petition by Lucille Leverich, who as cross plaintiff had obtained divorce from Robert Leverich, to amend decree in respect to property rights. Petition and rehearing denied. Defendant appeals. Affirmed.

*J. Donald Murphy,* for plaintiff.

*Allaben & Davids,* for defendant.

REID, J. Defendant, the cross plaintiff, appeals from orders of the circuit court denying her petition to amend the decree of divorce granted her on her cross bill, and denying a rehearing. Principally involved is her petition for a greater share in property of plaintiff husband than was awarded to her in pursuance of the agreement of the parties in open court.

The parties were married, September 14, 1946, lived and cohabited together until May 18, 1952. One child, a son, Leon, was born to them, July 6, 1947. Plaintiff husband filed a bill of divorce, May 21, 1952, alleging the defendant wife was guilty of extreme cruelty, neglected her duties, absented herself without cause from the home, that she was extravagant in unnecessary expenditures, and setting forth other acts of cruelty. Defendant wife filed her answer and cross bill, June 10, 1952, alleging extreme cruelty on the husband's part and praying for a divorce. She listed in her cross bill every piece of property owned by husband plaintiff, including his insurance policy. The valuations she placed on his properties were denied by him in his answer to her cross bill. The case came on for hearing, December 3, 1952, at which time the parties announced their agreement as to property settlement and each, the husband and the wife, was carefully examined by the court as to understanding the nature and scope of the settlement; each was represented by counsel. Testimony was given on the part of the wife on the merits of her cross bill, and no testimony was offered by the husband to support the allegations in his bill. The decree was signed January 22, 1953, embodying the terms of the settlement as to alimony and property and granting the wife, the appellant, the divorce with custody of the minor child.

The decree contained a description of all the real. estate then owned by the husband appellee and also

the provision that the decree was interlocutory and not final until July 22, 1953, at which time it would automatically become final unless otherwise ordered by the court, and that neither party should remarry until the decree should become final.

The statute, CL 1948, § 552.9 (Stat Ann 1953 Cum Supp § 25.89) contains the following: "In every case wherein there are dependent minor children under the age of 17 years, said decree shall not become final until 6 months from and after the date said decree is entered," following which is a proviso for cases of unusual hardship or compelling necessity.

On June 6, 1953, appellant wife filed a petition by a newly-substituted attorney, to amend the interlocutory decree to provide for increased allowance for the child, weekly payments of permanent alimony, to require plaintiff husband to maintain insurance policy on his life for the benefit of the child and to alter the property settlement so as to give defendant wife the cottage at Hess lake. The issue upon this petition and plaintiff husband's answer thereto, came on to be heard on July 7, 1953. The court after a hearing, made an amendatory order July 16, 1953, changing the right of visitation and in addition to the $25 a week required to be paid by plaintiff husband for the support of the child, further providing that he also pay as they become due, all reasonable and proper medical and hospital expenses of the child.

Defendant's petition for a rehearing filed August 11, 1953, after the interlocutory decree of divorce had become final, came on for hearing, October 1, 1953, the principal ground for complaint in which petition being that she had been deceived as to the extent of plaintiff husband's property when she agreed to the property settlement incorporated in the decree. Her testimony however disclosed that the property she

had listed in her cross bill in the first instance was a correct list of plaintiff's entire real estate, and the issue was narrowed to this, that she claimed her then attorney, Mr. Louis Grettenberger, had informed her that she could not expect to receive any allowance for property that plaintiff had inherited from his father and from his grandfather, in contradistinction to which Mr. Grettenberger testified that he told her that the courts treat property inherited by the husband since the marriage on a different basis from property accumulated by the parties during the marriage derived from their joint efforts.

After the wife claimed to the court that she had received from her attorney improper advice as a result of which she agreed to the property settlement, and she had testified in relation to such claim, it was proper and competent for the attorney to testify as to the advice he gave her. See *Hartford Fire Ins. Co.* v. *Reynolds,* 36 Mich 502 (syllabus 3).

Each divorce case must be settled on its own merits. We entertain no doubt that in general a husband who rendered a divorce necessary by his ill conduct is not thereby to be relieved of his duty to support his wife; further, that in general, the part of their property accumulated through the joint efforts of the parties during their marriage, is to be given first consideration in determining the award of property to the wife. Appellant wife cites *Reitz* v. *Reitz,* 338 Mich 309, in which case, the plaintiff wife had worked out during the marriage and received very considerable earnings which went into the holdings accumulated by the parties during the marriage; the defendant "inherited" some personal and real property during the marriage which together with what he had on deposit at the time of the marriage, amounted to about $6,000 in all. In view of the duty of the husband to furnish to the extent of his ability the needs that the wife may require, we awarded part

of the total of $6,000 to defendant wife besides the award to her of a share of the property accumulated by the parties during the marriage. It would seem that she had fairly earned that additional award. The parties in the *Reitz Case* had not agreed on a property settlement.

In the instant case, the appellant wife, Lucille Leverich, knew precisely the property owned by her husband, had gone to the house after the separation and obtained copies of his income tax reports covering several preceding years, was not in anywise deceived; there was no fraud; she was well represented by a reputable attorney, Louis Grettenberger; she acted on his proper advice; he was well informed as to her husband's financial matters; she testified positively when interrogated by the trial judge, that she consented understandingly to the terms of the property settlement announced by Mr. Grettenberger. Her estimate of the value of her husband's property as listed in her cross bill was in the neighborhood of $100,000; this evidently included what he had just received or was about to receive from his father's and grandfather's estate. The property accumulated by the parties during the marriage was their household furniture, furnishings and personal belongings and a half interest in 20 acres of land. She consented to the award to her of property worth $10,000 besides a Pontiac automobile and her personal articles and possessions, besides which the original decree ordered plaintiff to pay $25 per week for the support of the minor whose custody was awarded to defendant wife but nothing besides the property award for her own support, all of which she agreed to. She at the time was very desirous of going to live in Grand Rapids instead of the place of their residence in Newaygo county, and to enjoy social facilities in Grand Rapids. The decree of

divorce was awarded to her on her cross bill without contest.

Defendant wife, though conceding that she was unwilling to resume the marriage relationship, offered testimony in support of her petition for modification of the original decree, of immoral acts on the part of plaintiff husband after the filing of the interlocutory decree. This testimony was offered for the avowed purpose of obtaining an award to her of additional property interests more than that agreed on and allowed in the interlocutory decree. The court disregarded the testimony as to conduct after the decree had been signed, in which regard we find no error. The interlocutory decree had already determined the case in the wife's favor as to grounds for, and award of, divorce. There was no proper occasion to prove further misconduct on the part of the husband.

The decretal orders appealed from are affirmed. Costs to plaintiff.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, DETHMERS, and KELLY, JJ., concurred.