ILINS v BURNS

1. AUTOMOBILES—POLICE OFFICER—TRAFFIC TICKETS—PREJUDICE.

Questioning of defendant and a police officer by defense counsel in an action for damages for personal injuries received in an automobile accident with regard to the issuance or nonissuance of a traffic ticket to defendant for the accident had a prejudicial effect; it went to the judgment of the police officer and inescapably placed before the jury, by inference, the opinion of the police officer as to who was responsible for the accident.

2. APPEAL AND ERROR—EVIDENCE—VERDICTS.

A finding of *prejudicial* error in the admission of evidence depends on the circumstances of each case; the excessiveness or unfairness of the verdict; the intent of counsel in introducing such evidence; and whether the evidence went to the substantive issues of the case (GCR 1963, 529).

3. APPEAL AND ERROR—PREJUDICIAL ERROR—INSTRUCTIONS.

Once prejudicial error is found, the cases call for reversal regardless of whether the trial judge gave an instruction in an attempt to cure the error.

4. APPEAL AND ERROR—PREJUDICIAL ERROR—NEW TRIAL.

*Potentially* prejudicial error can be cured; however, prejudicial error implies a conclusion that the substantial rights of the party were affected and such error calls for reversal and a new trial.

5. APPEAL AND ERROR—TESTIMONY.

The prejudicial effect of erroneously admitted testimony will vary from case to case, depending upon the precise fact situation

REFERENCES FOR POINTS IN HEADNOTES

[1, 7] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 959, 981 *et seq.*

Admissibility of opinion evidence as to the cause of an accident or occurrence, 38 ALR2d 13.

[2, 5, 6] 4 Am Jur 2d, Appeal and Error §§ 517, 797 *et seq.*

[3] Prejudicial effect of counsel's addressing individually or by name particular juror during argument, 55 ALR2d 1198.

[3, 4] 5 Am Jur 2d, Appeal and Error § 948 *et seq.*

and, for this reason, the Michigan Supreme Court accords considerable weight to the opinion of the trial judge in assessing the effect of testimony.

6. APPEAL AND ERROR—HARMLESS ERROR—TESTIMONY—INSTRUCTIONS.

Generally, if erroneously admitted testimony is inadvertent, if proper instructions are given to the jury, and if the effort to introduce the prejudicial testimony is not repeated, the Michigan Supreme Court would uphold the assessment of a trial judge that the error, though potentially prejudicial, was harmless.

7. AUTOMOBILES—NEW TRIAL—TRAFFIC TICKETS—INSTRUCTIONS.

Case should be remanded for a new trial where questioning of defendant and a police officer by defense counsel in an action for damages for personal injuries received in an automobile accident as to the issuance or nonissuance of a traffic ticket to defendant for the accident was deliberate and not an incident that inadvertently occurred; the question of the issuance of a traffic ticket was indelibly registered on the minds of the jurors and could not be eradicated by an instruction of the trial judge at the conclusion of the case.

Appeal from Court of Appeals, Division 3, McGregor, P. J., and Bronson and O'Hara, JJ., affirming Saginaw, Fred J. Borchard, J. Submitted September 5, 1972. (No. 3 September Term 1972, Docket No. 53,624.) Decided October 31, 1972.

35 Mich App 353 reversed.

Complaint by Erika Ilins against Daniel L. Burns and Sherry L. Burns for damages for personal injuries sustained in an automobile accident. Judgment for defendants. Plaintiff appealed to the Court of Appeals. Affirmed. Plaintiff appeals. Reversed and remanded for new trial.

*Cicinelli, Mossner, Majoros, Harrigan & Alexander,* for plaintiff.

*Heilman, Purcell, Tunison & Cline,* for defendants.

ADAMS, J. On June 27, 1966, between 10 and 11 p.m., there was a two-car collision in Saginaw County near the intersection of McCarty Road, a county road, and Bay Road, a state highway (M-84). Plaintiff was riding in a car driven by her husband. At trial, it was agreed by both parties that plaintiff's husband stopped on McCarty Road before entering the intersection to make a left turn onto Bay Road.

Defendant Sherry L. Burns, age 18 when the accident occurred, maintained that plaintiff's car pulled into the intersection at a time when she could not avoid the collision. Pictures show the right back side and rear of plaintiff's car and the left front above the bumper of defendant's car were severely damaged. Two police officers investigated the accident and estimated the point of impact to be 86 feet from the south edge of McCarty Road.

During direct examination of defendant, her counsel asked: "Were you issued a violation for that accident?" The question was objected to by plaintiff's counsel. The objection was overruled. Defense counsel then asked: "Did you ever—did the officer issue a ticket for that accident?" Defendant answered: "No, he didn't."

The next day plaintiff's attorney, in moving for a mistrial, stated to the court in part as follows:

"I have come to the conclusion, after a lot of thought and careful consideration, that plaintiff has been irreparably damaged.

"The jury has been prejudiced by the questioning of counsel. I would refer specifically to Mr. Cline on direct examination of his client asking the question, 'Were you issued a violation ticket for that accident?' I have concluded, your Honor, that the mere asking of that question was so prejudicial that plaintiff cannot obtain a fair trial from this jury.

"It would be recalled, I trust, that before the case began we met in chambers and at that time I requested the Court to make a preliminary ruling on the question of traffic tickets in this case.

*"The Court:* On the question of traffic tickets to the plaintiff.

*"Mr. Harrigan:* That was my specific request, your Honor. At that time it was indicated by the Court that no questions should be asked as to whether or not plaintiff's driver received a traffic ticket.

"Then Mr. Cline proceeds to ask whether or not his client received a ticket, and an objection was timely made. I did not at that time ask for a mistrial but it did continue to bother me, the mere asking of the question.

"We must consider the background for which this was done and taken. The asking of the question and the testimony that would relate to it would be incompetent and immaterial. It would call for a conclusion of an investigating police officer, or some other party, what they may have in their mind, and that would be immaterial and irrelevant and improper testimony. But beyond that the asking of the question itself, the mere asking of the question creates irreparable prejudice, Your Honor. It cannot be corrected by even striking that. It cannot be corrected by sustaining an objection. The mere asking of the question has created the prejudice."

The court denied the motion for a mistrial.

The day after the court had so ruled, during direct examination of Officer Allan L. Duby, defense counsel asked:

*"Q.* On the basis of this investigation in talking to both parties at the hospital you filled out your report, is that right?

*"A.* Yes, sir.

*"Q.* Is there a place on this report to mark violations for statutes or driver violations?

*"Mr. Harrigan:* I will object, Your Honor. This probably calls for a conclusion of the witness and also it probably invades the province of the jury.

*"The Court:* Read that back, please.

"(Whereupon the record was read back by the reporter.)

*"The Court:* You can answer yes or no.

*"Q.* Is there a place?

*"A.* There is a place, yes.

*"Q.* Did you mark any violation for Sherry Burns, the defendant in this case?

*"Mr. Harrigan:* I will object, Your Honor. We have gone through this.

*"The Court:* She already testified she didn't receive a violation.

*"Q.* Let me ask you this last question, Officer.

*"Mr. Harrigan:* In that regard I would like to renew my previous motion."

The police officer never answered defense counsel's question.

At the close of the trial, neither party, under instructions from the court, mentioned the subject of tickets in their final arguments. The trial judge instructed the jury as follows:

"Members of the jury, I instruct you that whether a driver of one of the cars involved in this collision did or did not receive a traffic ticket issued by the police officer is not to be considered by you in your deliberations. When police come to the scene of a collision and investigate, they do not have all of the facts at hand, they were not present when the collision occurred, and didn't see the collision, and they may not even talk to all of the people who did see the collision. For this reason, you are not to consider in your deliberations whether any traffic tickets were or were not issued to either driver."

The jury found for defendants. A motion for a new trial was denied May 4, 1970. In a supplemental opinion filed May 25, 1970, Judge Borchard found that "the questions propounded by defense counsel to defendant did not constitute prejudicial

error, especially in light of the instructions on traffic tickets, given as requested by counsel for plaintiffs."

Upon appeal to the Court of Appeals, that Court affirmed the trial court, finding that, although the defense counsel's questions had a "prejudicial effect," the error was harmless under GCR 1963, 529, in the light of the trial court's instructions to the jury. (35 Mich App 353.)

Leave to appeal was granted by this Court. (386 Mich 763.)

In *Washburn v Lucas,* 373 Mich 610 (1964), this Court considered the testimony of a police officer who was not present at the scene of an accident but who gave opinion evidence based upon his experience as a State Police trooper as to how the accident occurred. Justice O'HARA, in taking exception to such testimony, stated (p 617):

"The impact of such testimony upon a jury from one clothed in the objectivity of a public protector, such as a State police officer, is incalculable."

He was joined in his opinion by Justice DETHMERS.

In a separate opinion written by Justice SOURIS and joined in by Chief Justice T. M. KAVANAGH and Associate Justices BLACK, KELLY and SMITH, it was stated (pp 620–621):

"For separate reasons, given with detail below, we agree with Mr. Justice O'Hara that we should note from this record what the tenth circuit calls 'a constantly growing tendency in cases of this kind for an investigating officer to assume the prerogative of assessing liability', which 'is the responsibility of the trier of the facts' *(Padgett v Buxton-Smith Mercantile Co.* (CCA 10), 262 F2d 39, 42 [1958]). Moreover, we would go further, and commit this Court anew to the established rule that opinions of causation in negligence cases,

'where the subject matter of the inquiry is of such a character that it may be presumed to lie within the ordinary experience of all men of common education' (quotation from American Jurisprudence, as quoted in *Kelso v Independent Tank Co.* (Okla), 348 P2d 855 [1960], more fully quoted and cited *post),* whether offered by experts or lay witnesses, are uniformly excluded as invasive of the province of the jury."

*Washburn v Lucas* dealt with testimony by a police officer going directly to the issue of causation. In this case, the questioning of defendant and of the police officer with regard to the issuance or nonissuance of a ticket, of necessity, went to the judgment of the police officer and inescapably placed before the jury, by inference, the opinion of the police officer as to who was responsible for the accident. Once it was shown that defendant did not receive a ticket, the opinion of the police officer assessing her responsibility for the accident would be before the jury as clearly as if he had stated such opinion in so many words. We agree with the Court of Appeals that the questioning had a prejudicial effect.

The question then arises as to whether or not the error was harmless under GCR 1963, 529. A finding of *prejudicial* error depends on the circumstances of each case (3 Honigman & Hawkins, Michigan Court Rules Annotated [2d ed], Comments, p 228); the excessiveness or unfairness of the verdict *(Ford·v Cheever,* 105 Mich 679 [1895]; *McDonald v Champion Iron & Steel Co,* 140 Mich 401 [1905]); the intent of counsel in introducing such evidence *(Cluett v Rosenthal,* 100 Mich 193 [1894]; *Nemet v Friedland,* 273 Mich 692 [1935]); and whether the evidence went to the substantive issues of the case *(Burns v Kieley's Estate,* 242 Mich 668 [1928]).

Once prejudicial error is found, the cases call for

reversal regardless of whether the trial judge gave an instruction in an attempt to cure the error.[1] *Potentially* prejudicial error can be cured. Prejudicial error, however, implies a conclusion that the substantial rights of the party were affected. Such error calls for reversal and new trial.

As can be seen from the above, the prejudicial effect of erroneously admitted testimony will vary from case to case, depending upon the precise fact situation. For this reason, we accord considerable weight to the opinion of a trial judge in assessing the effect of testimony. In general, if the testimony is inadvertent, if proper instructions are given to the jury, and if the effort to introduce the prejudicial testimony is not repeated, we would uphold the assessment of a trial judge that the error, though potentially prejudicial, was harmless.

In this case the first incident, involving the questioning of defendant, occurred on March 18, 1970. The motion for mistrial was made the following day. The questioning of Officer Duby took place on March 20, 1970. With this sequence of events, it must be concluded that the questioning by counsel was deliberate and not an incident that inadvertently occurred.[2] The question of the issuance of a traffic ticket was indelibly registered on the minds

---

[1] *Detroit & Milwaukee R Co v Van Steinburg,* 17 Mich 99 (1868); *Taylor v Adams,* 58 Mich 187 (1885); *Sinker, Davis & Co v Diggins,* 76 Mich 557 (1889); *Boydan v Haberstumpf,* 129 Mich 137 (1901); *Hyman v Kirt,* 153 Mich 113 (1908); *Sulkowski v Zynda,* 160 Mich 7 (1910); *Burns v Kieley's Estate,* 242 Mich 668 (1928); *McPeake v Grand Trunk Western R Co,* 242 Mich 676 (1928); *Derrick v Blazers,* 355 Mich 176 (1959).

[2] For cases in which prejudicial error was found after instructions and counsel proceeded to again commit the error previously forbidden, see *Rauhala v Maki,* 172 Mich 112 (1912) and *Solomon v Stewart,* 184 Mich 506 (1915).

For cases where issuance of ticket evidence was held *not* to be prejudicial because of the manner in which the evidence came in, see *Gibson v Traver,* 328 Mich 698 (1950); *Moffatt v Helmer,* 345 Mich 153 (1956); *Dudek v Popp,* 373 Mich 300 (1964).

of the jurors. It could not be eradicated by an instruction of the trial judge at the conclusion of the case.

The Court of Appeals and the trial court are reversed. The case is remanded to the circuit court for a new trial. Costs to plaintiff.

T. M. KAVANAGH, C. J., and T. E. BRENNAN, T. G. KAVANAGH, SWAINSON, and WILLIAMS, JJ., concurred with ADAMS, J.

BLACK, J., did not sit in this case.