## McCARTHY v BELCHER

Docket No. 62495. Submitted April 20, 1983, at Detroit.—Decided July 21, 1983. Leave to appeal applied for.

Terrance McCarthy brought an action against Bobby Belcher for assault and battery and against Sandra Nichols under the dramshop act. The Oakland Circuit Court, Robert B. Webster, J., entered a judgment on a jury verdict in favor of the plaintiff. Defendants appealed, alleging that the trial court erred by denying their motion for a mistrial after plaintiff's counsel questioned defendant Belcher regarding a police report on the incident giving rise to the action, and by excluding the deposition testimony of a physician who examined the plaintiff at the behest of plaintiff's counsel. *Held:*

1. While the cross-examination of Belcher regarding the police report was improper because the report had been used as the factual basis for Belcher's plea of nolo contendere to criminal charges arising from the incident, the error does not require reversal because the criminal nature of the prior proceeding was not disclosed to the jury, Belcher denied knowing of any admission by his attorney as to the accuracy of the report, and the trial court gave a prompt cautionary instruction. No miscarriage of justice resulted.

2. Any attorney-client privilege which resulted when plaintiff was sent to the doctor for an examination in preparation for litigation was waived when the plaintiff testified concerning the doctor's examination. Also, it cannot be said that the doctor's testimony would have been merely cumulative. Therefore, the trial court erroneously excluded the doctor's deposition testi-

REFERENCES FOR POINTS IN HEADNOTES

[1] 76 Am Jur 2d, Trial § 1080.

[2] 81 Am Jur 2d, Witnesses § 493.

[3] 81 Am Jur 2d, Witnesses § 218.

Persons, other than client or attorney affected by or included within, attorney-client privilege. 96 ALR2d 125.

[4] 81 Am Jur 2d, Witnesses §§ 226, 227.

Party's waiver of privilege as to communications with counsel by taking stand and testifying. 51 ALR2d 521.

[5] 23 Am Jur 2d, Depositions and Discovery §§ 30, 31.

mony. Because that testimony related only to the plaintiff's damages, a remand is necessary for a new trial on the issue of damages.

Affirmed in part, reversed in part, and remanded.

Bronson, P.J., concurred that the court did not abuse its discretion in denying the motion for a mistrial. He disagrees, however, with the majority's conclusion that the court erred in excluding the doctor's deposition. He would hold that the substance of the deposition was subject to the attorney-client privilege and that the privilege was not waived. Under the circumstances herein, objection to the admissibility of the deposition was not waived by plaintiff's attorney's questions to the plaintiff, nor did the plaintiff testify to the substance of the medical examination or of any conversation with the doctor. Even if there had been a waiver, Judge Bronson would hold that exclusion of the testimony could not have prejudiced the defendants. Judge Bronson would affirm.

## Opinion of the Court

1. Motions and Orders — Mistrial — Judge's Discretion.

    Decisions on motions for mistrial are committed to the sound discretion of the trial judge and will not be reversed on appeal absent an abuse of discretion resulting in a miscarriage of justice.

2. Trial — Evidence — Prior Criminal Proceeding.

    Cross-examination of a defendant in a civil action regarding the factual basis for the defendant's prior plea in a criminal proceeding arising from the same incident is improper; however, reversal on the basis of such improper questioning is not required where, on the facts of the case, no miscarriage of justice is shown (MRE 410).

3. Attorney and Client — Attorney-Client Privilege — Medical Examination.

    The results of a medical examination made where an attorney sends his client to a doctor in preparation for litigation are treated as a confidential communication between the client and the attorney.

4. Attorney and Client — Attorney-Client Privilege — Waiver of Privilege.

    The attorney-client privilege is waived as to a confidential communication when the client testifies on direct examination concerning the communication and, once waived, the privilege may not be reasserted at a subsequent trial.

Partial Concurrence and Partial Dissent by Bronson, P.J.

5. Evidence — Deposition Testimony — Attorney-Client Privilege
      — Waiver of Privilege.
   *A party who waives the attorney-client privilege for the purpose
   of cross-examination of a witness's deposition testimony, where
   the deposition was taken without the party having had the
   opportunity to object to its taking, does not thereby waive the
   right to object at trial to the admissibility of the deposition.*

*Lopatin, Miller, Freedman, Bluestone, Erlich,
Rosen & Bartnick (by Richard E. Shaw),* for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk &
Pedersen, P.C. (by John P. Jacobs),* for defendants.

Before: Bronson, P.J., and J. H. Gillis and Mac-
Kenzie, JJ.

Per Curiam. Plaintiff brought this action
against defendant Belcher for assault and battery,
and against defendant Nichols under the dram-
shop act, MCL 436.22; MSA 18.993. After a jury
trial, a verdict for plaintiff was returned against
both defendants. The jury computed plaintiff's
damages at $180,000, but found that 25% of plain-
tiff's damages were attributable to plaintiff's negli-
gence. A judgment for plaintiff for $135,000 plus
costs and interest was entered, and defendants
appeal by right.

## I

Defendants argue that the trial court erred by
denying their motion for a mistrial. The motion
was made after counsel for plaintiff cross-exam-
ined defendant Belcher concerning a police report
and asked defendant if his attorney in another
proceeding had admitted that the report was accu-

rate. Defendant testified that he had no knowledge of any such admission. The report was used as the factual basis for the acceptance of a nolo contendere plea by defendant Belcher to criminal charges arising out of this incident, but the criminal nature of the other proceeding and defendant's plea were not mentioned before the jury. After counsel for defendant objected, the trial court instructed the jury to disregard all references to the other proceeding.

Decisions on motions for mistrial are committed to the sound discretion of the trial judge and will not be reversed on appeal absent an abuse of discretion resulting in a miscarriage of justice. *Anderson v Harry's Army Surplus, Inc,* 117 Mich App 601, 615; 324 NW2d 96 (1982). The cross-examination at issue here was prohibited by MRE 410 and *Wheelock v Eyl,* 393 Mich 74; 223 NW2d 276 (1974). However, such an error does not require reversal in every case in which it appears. See *Ilins v Burns,* 388 Mich 504, 510-511; 201 NW2d 624 (1972). Because the criminal nature of the other proceedings was not disclosed to the jury, because defendant Belcher denied having admitted the accuracy of the police report, and because the trial court gave a prompt cautionary instruction, we cannot say that denial of the motion for a mistrial presents an abuse of discretion resulting in a miscarriage of justice.

## II

Defendants also argue that the trial court erred by excluding the deposition testimony of Dr. Kent Wu. We will assume without deciding that Dr. Wu's testimony falls within the attorney-client privilege; see *Lindsay v Lipson,* 367 Mich 1; 116 NW2d 60 (1962). We hold, however, that any such

privilege was waived by plaintiff when plaintiff testified on direct, cross-, and redirect examination concerning his examination by Dr. Wu. Under the rule stated in *Lindsay,* when an attorney sends his client to a doctor for an examination in preparation for litigation, the results of the examination are treated as a confidential communication between the client and the attorney. However, the attorney-client privilege is waived as to a confidential communication when the client testifies on direct examination concerning the communication. *Hartford Fire Ins Co v Reynolds,* 36 Mich 502, 504 (1877); *Passmore v Estate of Passmore,* 50 Mich 626, 627; 16 NW 170 (1883); *Leverich v Leverich,* 340 Mich 133, 137; 64 NW2d 567 (1954); *In re Arnson Estate,* 2 Mich App 478, 484-485; 140 NW2d 546 (1966). See also Anno: *Party's Waiver of Privilege As to Communications With Counsel by Taking Stand and Testifying,* 51 ALR2d 521, § 5, pp 529-537, and the cases cited therein. Once waived, the privilege may not be reasserted at a subsequent trial. *In re Arnson Estate, supra,* p 485.

Plaintiff argues that the exclusion of Dr. Wu's deposition testimony was, at most, harmless error. Dr. Wu testified that he could not substantiate plaintiff's claimed injuries "in any way whatsoever". Because none of the other medical experts whose testimony was admitted at trial was willing to go so far, we cannot say that Dr. Wu's testimony would have been merely cumulative or that its exclusion was harmless. However, because Dr. Wu's testimony was relevant only to the issue of plaintiff's damages, a new trial is necessary on remand only as to that issue.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

Bronson, P.J. *(concurring in part and dissenting in part).* I concur with the majority's conclusion that there was no abuse of discretion in the trial court's decision to deny defendants' motion for a mistrial. However, I disagree with the majority's disposition of the second issue raised in this appeal. I believe that the court acted properly in excluding Dr. Wu's deposition.

First, I find little difficulty in characterizing Dr. Wu as a physician consulted for the purpose of preparing for litigation. *Lindsay v Lipson,* 367 Mich 1; 116 NW2d 60 (1962). It is undisputed that in February or March, 1978, plaintiff's trial attorney instructed plaintiff to go to Henry Ford Hospital for a medical examination; Dr. Wu merely happened to be the doctor who was available to perform the examination. Plaintiff had not treated with Dr. Wu for over five years and, rather than requesting Dr. Wu's services, actually hoped that a different doctor would be available for the consultation. Moreover, plaintiff did not ask Dr. Wu to take any steps towards treating plaintiff's condition; the fact that Dr. Wu made unsolicited mention of certain physical exercises during the course of the examination does not by itself transform him into a treating physician. Certainly, none of Dr. Wu's gratuitous suggestions change the crucial fact that he was consulted solely for the purpose of performing an examination, at the behest of plaintiff's attorney, in preparation for trial. The trial court did not error in finding the privilege to be applicable.

Second, under the unusual circumstances of this case, I cannot agree that the privilege was waived. There was no waiver merely because plaintiff's attorney cross-examined Dr. Wu's deposition testimony. Plaintiff's attorney was not present when

defendants' attorney took Dr. Wu's deposition; as a result, plaintiff had no initial opportunity to object to the taking of the deposition. Once defendants had taken the deposition, plaintiff's attorney faced the dilemma of scheduling a time to cross-examine Dr. Wu or leaving the deposition testimony unchallenged. As a practical matter, plaintiff's attorney had no choice but to cross-examine. Even if plaintiff's attorney had waived the privilege for purposes of conducting a cross-examination of Dr. Wu's deposition testimony, he still did not waive objection to the admissibility of the deposition. See *Polish Roman Catholic Union of America v Palen,* 302 Mich 557; 5 NW2d 463 (1942).

Nor did plaintiff waive objection to Dr. Wu's deposition merely because plaintiff may have described certain aspects of the examination in his testimony. The references to Dr. Wu on direct examination were limited in nature. At most, plaintiff mentioned the fact that he was examined by Dr. Wu, the duration of the examination, and the fact that a "conversation" followed the examination. Plaintiff did not reveal the substance of any conversation, and there was no disclosure of what was said during the course of the examination. It was only later, on cross-examination, that plaintiff referred to certain aspects of what transpired during the course of Dr. Wu's examination. Even those references were limited to the single subject of the exercises and procedures which Dr. Wu had suggested. Defense counsel apparently probed into this aspect of the examination in an attempt to portray Dr. Wu as a treating physician; no attempt was made to have plaintiff disclose the substance of his communications to Dr. Wu during the examination or to have plaintiff disclose the substance of Dr. Wu's findings. In short, plaintiff

never disclosed any of his confidential *communications* to Dr. Wu, and did not waive application of the attorney-client privilege, as extended by *Lindsay, supra,* with respect to the substance of Dr. Wu's examination or to Dr. Wu's findings. Accordingly, there was no waiver of objection to the deposition, the sole purpose of which was to introduce Dr. Wu's description of the examination and to set forth Dr. Wu's findings.

The cases cited by the majority, *In re Arnson Estate,* 2 Mich App 478; 140 NW2d 546 (1966); *Leverich v Leverich,* 340 Mich 133; 64 NW2d 567 (1954), *Passmore v Estate of Passmore,* 50 Mich 626; 16 NW 170 (1883), and *Hartford Fire Ins Co v Reynolds,* 36 Mich 502 (1877), are all distinguishable. In each of those cases, the person found to have waived the privilege gave testimony which specifically described certain confidential communications. For example, in *Arnson, supra,* the person waiving the privilege described some advice which certain attorneys had given her regarding a will. 2 Mich App 485. Similarly, in *Leverich, supra,* the client described advice which her attorney had given her regarding the subject matter of the litigation. The same factual situation was involved in *Passmore, supra,* and *Hartford Fire Ins, supra.* Contrast the present case where, as noted above, plaintiff never testified to any statements made by Dr. Wu concerning the subject matter of the present litigation, namely, plaintiff's condition after the incident on defendants' premises. All that plaintiff described was the fact of his meeting with Dr. Wu, the fact that the meeting was at his lawyer's behest, the duration of that meeting, and, on cross-examination, the fact that Dr. Wu suggested certain "treatments" which plaintiff decided

not to pursue. Under the circumstances, I cannot conclude that plaintiff made a "waiver" of privilege which was in any way comparable to that in the cases cited by the majority.

Finally, even if the privilege had been waived, any admission of Dr. Wu's deposition would have been at most harmless error. Other medical witnesses gave testimony which was, for all intents and purposes, identical to that of Dr. Wu. Dr. Heston and Dr. Rogers both testified that they found a full range of motion in plaintiff's neck and upper extremities; that there was no evidence of any problems in his discs or cervical spine nor any other evidence of damage and that the results of plaintiff's examinations were "normal". The sole point on which Drs. Heston and Rogers disagreed with Dr. Wu was whether there was any atrophy in plaintiff's right arm; however, even here Dr. Wu's adverse testimony would have been cumulative. Dr. Phillips also testified that the measurements for each of plaintiff's arms was the "same", indicating as Dr. Wu had that there was no atrophy. Given the foregoing, it is apparent that Dr. Wu's testimony would have been at best cumulative or repetitive. The exclusion of his testimony therefore could not have prejudiced defendants.

I attach no significance to the fact that Dr. Wu used strong language in stating his conclusion that he could find no evidence "whatsoever" to substantiate plaintiff's claim of injury. As demonstrated above, each of his conclusions was substantively identical to those of the other doctors; the mere fact that his conclusion was couched in more emphatic language did not so enhance its probative value as to compel its admission over plaintiff's objection. The trier of fact was not deprived

of any perspective which was not reflected in the testimony of other examining doctors.

I would affirm the trial court's entry of judgment not only as to liability, but also as to damages.