# STATE OF MICHIGAN

# COURT OF APPEALS

HWAIDA MEDLEJ,

Plaintiff-Appellee,

v

WISSAM MEDLEJ,

Defendant-Appellant.

UNPUBLISHED
July 14, 2015

No. 321565
Wayne Circuit Court
LC No. 2013-102601-DM

Before: FORT HOOD, P.J., and SAAD and RIORDAN, JJ.

PER CURIAM.

Defendant appeals by right a judgment of divorce. We affirm.

The parties were married in 1987 in Lebanon, but later moved to Dearborn, Michigan. The parties had five children during their marriage, but only one child was a minor at the time of their divorce. Three of the parties' children are disabled. The parties reached an agreement on the issues of child custody and parenting time, but were unable to resolve the remaining issues. After a trial, the trial court entered an opinion and order awarding spousal support and child support to plaintiff, and dividing the marital estate. Defendant appeals.

Defendant first argues that the trial court erred in imputing his income to $26,500 for the purpose of calculating spousal support and child support. We disagree.

We review for an abuse of discretion the trial court's decision whether to impute income to a party. *Loutts v Loutts*, 298 Mich App 21, 25-26; 826 NW2d 152 (2012). "An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes." *Id*. at 26 (citation omitted). A trial court's factual findings are reviewed for clear error. *Id*. A finding is clearly erroneous if, after reviewing the entire record, this Court is left with the definite and firm conviction that a mistake was made. *Id*. (citation omitted).

Generally, imputation of income is permissible in relation to spousal support and child support. "[L]ongstanding Michigan caselaw permits a court to impute income to a parent on the basis of the parent's unexercised ability to pay when supported by adequate fact-finding that the parent has an actual ability and likelihood of earning the imputed income." *Stallworth v Stallworth*, 275 Mich App 282, 284-285; 738 NW2d 264 (2007), citing *Ghidotti v Barber*, 459 Mich 189, 198-199; 586 NW2d 883 (1998). Consistent with this caselaw, the Michigan Child

-1-

Support Formula (MCSF) grants a court the discretion to impute income to a parent. 2013 MCSF 2.01(G). "When a parent is voluntarily unemployed or underemployed, or has an unexercised ability to earn, income includes the potential income that parent could earn, subject to that parent's actual ability." 2013 MCSF 2.01(G). When determining what income, if any [to impute], the court should consider, among other equitable factors, the following criteria:

> (1) Prior employment experience; (2) Education level; (3) Physical and mental disabilities; (4) The presence of parties' children in the individual's home and its impact on the earnings; (5) Availability of employment in the local geographical area; (6) The prevailing wage rates in the local geographical area; (7) Special skills and training; or (8) Whether there is any evidence that the individual in question is able to earn the imputed income. [*Berger v Berger*, 277 Mich App 700, 725; 747 NW2d 336 (2008); see also 2013 MCSF 2.01(G)(2).]

"These factors generally ensure that adequate fact-finding supports the conclusion that the parent to whom income is imputed has an actual ability and likelihood of earning the imputed income." *Berger*, 277 Mich App at 725-726, citing *Ghidotti*, 459 Mich at 199 and *Stallworth*, 275 Mich App at 285.

The trial court imputed defendant's income to $26,500. Defendant argues that the evidence showed that defendant's income was $325 per week, in addition to annual tax returns and supplemental security income (SSI) the parties received on behalf of their three disabled sons. Defendant claims he cannot earn more because he lacks education, speaks only limited English, and does not have any specialty training or certification.

Contrary to defendant's arguments, the amount of defendant's income was highly disputed at trial, and plaintiff presented evidence that defendant earned more than he claimed. The trial court clearly found that defendant's evidence regarding his income was not credible, choosing instead to credit the evidence presented by plaintiff that defendant made significantly more money than he claimed, and that he kept money hidden from plaintiff. We defer to the trial court's credibility determinations, given "the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." MCR 2.613(C). In addition, while it is true that defendant lacked technical training, education, and language skills, there was evidence that he had years of experience in automotive services. While the extent of defendant's knowledge was disputed, the trial court did not abuse its discretion in determining that defendant possessed sufficient experience to earn 75% of the national mean income for automobile service technicians and mechanics in 2012, as reported by the Bureau of Labor Statistics Occupational Employment Statistics. Further, as the trial court pointed out, defendant's claimed income was only slightly over minimum wage, and was "just $1,500 more than he would be earning making minimum wage at a fast food restaurant[,]" despite the fact that he had years of experience in the automotive field. Therefore, we conclude that the trial court did not clearly err in its factual findings, as its determinations were supported by evidence. Thus, the trial court did not abuse its discretion in imputing defendant's income to $26,500.

Defendant next argues that the trial court's award of spousal support was unreasonable given the circumstances of the case. We disagree. "It is within the trial court's discretion to award spousal support, and we review a spousal support award for an abuse of discretion."

*Loutts*, 298 Mich App at 25. A trial court's factual findings relating to spousal support are reviewed for clear error. *Id*. at 26. If the trial court's findings are not clearly erroneous, this Court must determine whether the dispositional ruling was fair and equitable under the circumstances of the case. *Id*. This Court must affirm the trial court's dispositional ruling unless it is convinced that it was inequitable. *Id*.

MCL 552.23(1) provides:

Upon entry of a judgment of divorce or separate maintenance, if the estate and effects awarded to either party are insufficient for the suitable support and maintenance of either party and any children of the marriage who are committed to the care and custody of either party, the court may also award to either party the part of the real and personal estate of either party and spousal support out of the real and personal estate, to be paid to either party in gross or otherwise as the court considers just and reasonable, after considering the ability of either party to pay and the character and situation of the parties, and all the other circumstances of the case.

"The object in awarding spousal support is to balance the incomes and needs of the parties so that neither will be impoverished; spousal support is to be based on what is just and reasonable under the circumstances of the case." *Loutts*, 298 Mich App at 26, quoting *Berger*, 277 Mich App at 726. In deciding whether to award spousal support, the trial court should consider several factors, including:

(1) the past relations and conduct of the parties, (2) the length of the marriage, (3) the abilities of the parties to work, (4) the source and amount of property awarded to the parties, (5) the parties' ages, (6) the abilities of the parties to pay alimony, (7) the present situation of the parties, (8) the needs of the parties, (9) the parties' health, (10) the prior standard of living of the parties and whether either is responsible for the support of others, (11) contributions of the parties to the joint estate, (12) a party's fault in causing the divorce, (13) the effect of cohabitation on a party's financial status, and (14) general principles of equity. [*Loutts*, 298 Mich App at 31, quoting *Myland v Myland*, 290 Mich App 691, 695; 804 NW2d 124 (2010).]

Defendant argues that the spousal support award was unreasonable. Plaintiff was awarded $157 per month in modifiable spousal support until April 2015, and $635 per month thereafter. Defendant initially claims the trial court calculated spousal support based on his improperly imputed income. However, as discussed, *supra*, the trial court did not abuse its discretion in imputing defendant's income. Defendant also claims that the trial court failed to consider the SSI benefits received by plaintiff for the disabled children or the fact that plaintiff received all the marital property. Finally, defendant claims the spousal support award leaves him impoverished, with only $635 per month.

Defendant's argument focuses on isolated factors that favor his position, and fails to acknowledge the additional factors that the trial court explicitly relied on in its spousal support award. Significantly, defendant completely disregarded the trial court's findings that defendant

was abusive to plaintiff and the children during the marriage, that defendant was at fault for the breakdown of the marriage, and, most significantly, that plaintiff voluntary assumed the care for the parties' three disabled children.[1] These findings were supported by evidence in the record. Further, despite defendant's claims, the trial court did consider the property distribution when awarding spousal support, and still found an award of spousal support was reasonable. In regard to defendant's claim that the spousal support leaves him impoverished, we initially note that plaintiff presented no evidence of his monthly expenses. Moreover, defendant's complaints regarding the trial court's determination of his income are central to his concerns about spousal support, but, as already discussed, *supra*, the trial court did not clearly err in discrediting defendant's testimony regarding his income and determining that his income was higher than he stated. Finally, we do not agree that the SSI should be considered income to plaintiff, as it is received on behalf of the disabled children. See 2013 MCSF 2.03(B) ("A child's Supplemental Security Income (SSI) benefits cannot be considered as income[.]"). Further, the SSI benefits were considered in relation to plaintiff's monthly expenses. The trial court found that, even with the SSI benefits, plaintiff would be unable to support herself based on her monthly expenses without spousal support. For these reasons, we conclude that the trial court did not abuse its discretion in ordering spousal support. The trial court properly weighed the spousal support factors and its determinations were supported by the record.

Defendant next argues that the child support award was not in compliance with the MCSF. We disagree. Generally, child support orders are reviewed for an abuse of discretion. *Clarke v Clarke*, 297 Mich App 172, 178-179; 823 NW2d 318 (2012). However, this Court reviews de novo whether the trial court properly applied the MCSF and reviews underlying factual findings for clear error. *Id*. at 179.

"MCL 552.519(3)(a)(vi) grants the State Court Administrative Office Friend of the Court Bureau the authority to develop a formula for establishing and modifying child support obligations." *Id*. "A trial court must use the formula established by the Friend of the Court Bureau when determining child support[.]" *Id*. Under the MCSF, the stated objective for determining a parent's income is to "establish, as accurately as possible, how much money a parent should have available for support." 2013 MCSF 2.01(B). As discussed, *supra*, the MCSF provides for the imputation of income. Because defendant's income was properly imputed, and defendant does not argue that the trial court made other errors in relation to the calculation of child support, the award properly complied with the MCSF.

Defendant next argues that the trial court erred in determining that the money in the safe at the marital home was marital property. We disagree. Generally, this Court reviews for clear error a trial court's factual findings related to the division of marital property. *Sparks v Sparks*, 440 Mich 141, 151; 485 NW2d 893 (1992). "If the findings of fact are upheld, the appellate court must decide whether the dispositive ruling was fair and equitable in light of those

---

[1] Plaintiff's voluntary assumption of financial care for her disabled adult children was a circumstance properly considered by the trial court in awarding spousal support. *Parrish v Parrish*, 138 Mich App 546, 557; 361 NW2d 366 (1984).

facts. But . . . the dispositional ruling . . . should be affirmed unless the appellate court is left with the firm conviction that the division was inequitable." *Id*. at 151–152.

MCL 552.19 provides:

Upon the annulment of a marriage, a divorce from the bonds of matrimony or a judgment of separate maintenance, the court may make a further judgment for restoring to either party the whole, or such parts as it shall deem just and reasonable, of the real and personal estate that shall have come to either party by reason of the marriage, or for awarding to either party the value thereof, to be paid by either party in money.

A trial court's "first consideration when dividing property in divorce proceedings is the determination of marital and separate assets." *Reed v Reed*, 265 Mich App 131, 150; 693 NW2d 825 (2005) (citation omitted). Marital property is "accumulated through the joint efforts of the parties during their marriage[.]" *Leverich v Leverich*, 340 Mich 133, 137; 64 NW2d 567 (1954). It is well established that property derived from the earnings or efforts of spouses during the marriage is marital property divisible on divorce. *Reed*, 265 Mich App at 152.

The safe in the marital home contained $5,000, and the funds were frozen by the trial court during the proceedings. Defendant asserts that undisputed testimony established that $4,500 of that money belonged to defendant's brother, Wassem Medlej ("Wassem"). Defendant is correct that at trial, defendant and Wassem testified that $4,500 of the money in the safe belonged to Wassem. According to defendant and Wassem, defendant collected rental income for a rental property owned by Wassem. Plaintiff confirmed that defendant collected the money. Wassem testified that the money in the safe was being held by defendant in order to fix the roof of the rental property. Defendant claims that this testimony was "undisputed."

However, plaintiff and the parties' daughters testified that defendant hid money around the home, that he made more money than he claimed, and that Wassem had been to the parties' home the weekend before. While plaintiff did not know the exact source of the money in the safe, the evidence showed that defendant was not forthcoming about the parties' finances, frequently concealed money from plaintiff, and that Wassem had been to the home and could have collected the money from defendant. Further, the trial court specifically found that Wassem and defendant's testimony that defendant would hold the rental money for five months was not credible or logical, even if Wassem was saving to have the roof fixed as he claimed. Lending to the trial court's finding regarding the credulity of the testimony was the fact that defendant did not appear to be compensated for collecting the rental income. Again, regard should be given "to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." MCR 2.613(C). Here, the trial court, after observing defendant and Wassem's testimony, specifically found the testimony not credible. Moreover, the record supports the fact that defendant made more money than claimed and concealed finances from plaintiff. Accordingly, the trial court did not clearly err in determining that the money in the safe located at the marital home was marital property.

Defendant next argues that the trial court inequitably divided the marital estate. We disagree. Again, MCL 552.19 provides for the division of marital property. The goal in

-5-

distributing marital assets in a divorce proceeding "is to reach an equitable distribution of property in light of all the circumstances." *McNamara v Horner*, 249 Mich App 177, 188; 642 NW2d 385 (2002). The trial court need not divide the marital estate into mathematically equal portions, but any significant departure from congruence must be clearly explained. *Id*. The trial court may consider the following factors when dividing the marital estate:

> (1) duration of the marriage, (2) contributions of the parties to the marital estate, (3) age of the parties, (4) health of the parties, (5) life status of the parties, (6) necessities and circumstances of the parties, (7) earning abilities of the parties, (8) past relations and conduct of the parties, and (9) general principles of equity. [*Sparks*, 440 Mich at 159-160.]

Defendant asserts that the parties were low income, and were only able to survive based on their tax returns, the SSI benefits received for the adult disabled children, and their daughters living at home and working part time. The trial court awarded plaintiff the entire marital estate, including the marital home and furniture, leaving defendant impoverished.

The trial court did not abuse its discretion in awarding the bulk of the parties' estate to plaintiff. Contrary to defendant's claims, it is clear the trial court did consider the *Sparks* factors when dividing the estate. In particular, the court found that plaintiff should be awarded the marital home, including the equity, along with the furniture, because plaintiff was voluntarily undertaking care of the parties' three disabled sons. The testimony established that the disabled children would have difficulty moving because it would disrupt their routine. We agree with the trial court that the testimony showed that "[t] the prospect of leaving their home . . . would be too disruptive to this family unit." Further, the parties were low income, and it was clear that plaintiff could not afford to provide defendant compensation for the equity in the home. In addition, the trial court found that defendant was at fault for the breakdown of the marriage. The trial court's finding was supported by the record. Plaintiff's testimony established that defendant was unfaithful during the marriage, and both plaintiff and the parties' daughters testified that defendant was physically abusive to both plaintiff and the parties' children. Defendant did not dispute these facts at trial. Further, despite defendant's claims that plaintiff received the entire marital estate, defendant received his tool box, valued at $7,500, along with $5,000 from the safe, less the expenses for an appraisal of the marital home and plaintiff's attorney fees.

Thus, we conclude that the trial court did not clearly err in finding that defendant was at fault for the breakdown of the marriage, or that plaintiff and the parties' disabled children had great need for the marital home. The trial court properly considered these circumstances when dividing the marital property. Accordingly, the trial court did not abuse its discretion by failing to equitably divide the marital estate.

Affirmed. Plaintiff, the prevailing party, may tax costs. MCR 7.219.

/s/ Karen M. Fort Hood
/s/ Henry William Saad
/s/ Michael J. Riordan